**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3283

GOVERNMENT OF THE VIRGIN ISLANDS

v.

MAUVILLE A. LAKE,

Appellant

On Appeal from the Appellate Division of the
District Court of the Virgin Islands
District Court  No. 3-05-cr-00024-001

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 3, 2010

Before: SMITH, CHAGARES, and JORDAN, *Circuit Judges*

(Filed: May 5, 2010)

OPINION

SMITH, *Circuit Judge.*

On or about April 8, 2004, Mauville A. Lake and Leburn Smith transported

Elvis Burton to an empty apartment, assaulted him, forced him to telephone

another person demanding the production of cocaine in exchange for his freedom,

tied his hands and feet, wrapped him in a sheet, and left him in a bathtub. Burton escaped and promptly notified law enforcement authorities. Fortuitously, Burton later happened to see the vehicle in which he had been transported, and Lake and Smith were apprehended. During the police investigation, Lake and Smith gave statements to Detective Cleopatra Brooks. Eventually prosecutors filed an amended information, which contained eighteen counts, charging Lake and Smith with, *inter alia*, kidnapping for ransom, false imprisonment, first degree assault, first degree robbery, and use of a dangerous weapon, all offenses under Virgin Islands law.

At a joint trial, Burton testified about his ordeal, and unequivocally identified Lake and Smith as two of the perpetrators. The prosecution also called Detective Brooks and inquired about the contents of Smith's statement, which implicated Lake. Although Smith's statement had been redacted by agreement of the parties, when questioned by the prosecution, Detective Brooks began to read Smith's unredacted statement, stating Lake's proper name six times and relating that Lake was present when Burton entered the vehicle. When the prosecution asked what Lake and Burton talked about while they were in the vehicle, defense counsel objected for the first time. The objection was sustained and eventually Detective Brooks read Smith's redacted statement. In addition to reading the statement to the jury, she testified about the circumstances under which she

2

obtained Lake's statement and read his statement to the jury.

After the prosecution rested, Smith did not testify. Lake did, however. He admitted that he was with Burton the night Burton was assaulted and robbed, that he tied Burton's hands in an attempt to help Burton make it appear he was kidnapped, and that there actually was a telephone call to another person about drugs or money. The jury found Lake guilty of the offenses charged.

Lake unsuccessfully appealed to the Appellate Division of the District Court of the Virgin Islands. This timely appeal followed.[1] Lake identifies three issues in his "Statement of Issues," but presents legal argument on only his assertion that the admission of a portion of Smith's unredacted statement violated his rights under the Confrontation Clause.[2] Because Lake did not object to Detective Brooks's testimony about Smith's unredacted statement that expressly incriminated him, we review for plain error. *United States v. Olano*, 507 U.S. 725, 733-36 (1993).

---

[1] The Appellate Division of the District Court of the Virgin Islands had jurisdiction pursuant to 48 U.S.C. § 1613a(a) and (d). We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 48 U.S.C. § 1613a(c).

[2] Because Lake did not present legal argument on the other issues, we need not address them. *See Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (noting that "[a]n issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court'"); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (observing that an appellant's failure to present legal argument in support of an issue waives that issue on appeal and the court of appeals need not address it).

We agree that Detective Brooks's testimony reciting the statement of Lake's nontestifying co-defendant Smith, which referred to him by his proper name and directly implicated him, violated Lake's rights under the Confrontation Clause. *United States v. Bruton*, 391 U.S. 123, 135-36 (1968). This was an obvious error.

Nonetheless, relief is not warranted unless Lake can demonstrate that this error affected his substantial rights. *Olano*, 507 U.S. at 734. As the Supreme Court explained, this means in most cases "that the error must have been prejudicial: it must have affected the outcome of the district court proceedings." *Id.* Lake plainly cannot satisfy this requirement. Burton's testimony was, by itself, damning. Moreover, Lake's testimony *confirmed* not only that he was present during the incident but also that he participated by tying Burton's hands together. Combined, this constitutes overwhelming evidence to support the jury's verdict. The error did not affect Lake's substantial rights. We will, accordingly, affirm the judgment of the District Court.