**IN RE: MARY MOORHEAD, in her individual capacity and capacity as a member of the V.I. Board of Education, KENDALL PETERSEN, on behalf of his daughters, JANE DOE NO. 1, JANE DOE NO. 2, JANE DO NO. 3, minors and on behalf of his sons, JOHN DOE NO. 1, JOHN DOE NO. 2, and GREGORY E. MILLER, JR., on behalf of his son, JOHN DOE NO. 3, Appellants/Petitioners**
**v.**
**GOVERNOR KENNETH E. MAPP, SHARON ANN MCCOLLUM, COMMISSIONER-DESIGNEE OF THE VIRGIN ISLANDS DEPARTMENT OF EDUCATION, Appellees/Respondents**

S. Ct. Civil No. 2014-0042

Supreme Court of the Virgin Islands

April 14, 2015

RONALD E. RUSSELL, ESQ., St. Croix, USVI, *Attorney for Appellants*.

KIMBERLY L. SALISBURY, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellees*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(April 14, 2015)

HODGE, *Chief Justice*. Mary L. Moorhead appeals from the Superior Court's June 26, 2014 order, which denied a *pro se* complaint, captioned as a "Petition for Writ of Mandamus," that she filed along with two other individuals. For the reasons that follow, we reverse the June 26, 2014 order and remand this case to the Superior Court for further proceedings.

## I. BACKGROUND

On October 21, 2013, Moorhead — an elected member of the Virgin Islands Board of Education — filed a *pro se* complaint,[1] styled as "Petition for Writ of Mandamus," against the Governor of the Virgin Islands and the Commissioner of Education (collectively "the Government").[2] The complaint, which asserted claims for mandamus relief as well as injunctive relief under 5 V.I.C. § 80, alleged that the Government failed to comply with Act No. 4844, which provides that "[a]ll public schools in the Virgin Islands shall instruct all students in . . . [t]he history of the Virgin Islands and basic Caribbean history," with "such courses to be part of the curriculum in elementary and secondary schools." 17 V.I.C. § 41(c)(1).

The Government filed an opposition on November 22, 2013. In its opposition, the Government argued that Moorhead failed to affirmatively provide proof that she is a Virgin Islands taxpayer entitled to sue under 5 V.I.C. § 80, and that in any event she failed to allege that the Government had engaged in any illegal or unauthorized acts. As to the mandamus claim, the Government asserted in its opposition — without providing any evidence — that it "ha[s] performed [its] duties under the law to make Virgin Islands history and basic Caribbean history *part of* the curriculum in elementary and secondary schools." (J.A. 67 (emphasis in original).) Specifically, the Government asserted that "students learn about Virgin Islands history during Virgin Islands History Month"[3] and "learn about cultural history twice a week in their social studies classes." (*Id.*) Moorhead filed a reply on December 2, 2013, in which she simply requested that the Superior Court reject the opposition.

---

[1] Moorhead's complaint was joined by Kendall Petersen and Gregory E. Miller, Jr., who asserted that they were parents of children in the Virgin Islands public school system. Because only Moorhead has filed a notice of appeal with this Court, for ease of reference, we refer only to her in this opinion.

[2] At the time Moorhead filed her complaint, John P. deJongh, Jr., served as Governor of the Virgin Islands, while Donna Frett-Gregory served as Acting Commissioner of the Virgin Islands Department of Education. Pursuant to Supreme Court Rule 34(c), the caption of this appeal has been changed to substitute the names of the individuals who currently hold those offices.

[3] Act No. 6802 designated the month of March as "Virgin Islands History Month" for the purpose of highlighting "the history, culture and achievements of the people of the Virgin Islands, including the artifacts, goods, ideas, beliefs, customs, traditions, values, music, art, folklore, dance, cuisine and technical processes." 1 V.I.C. § 200(a).

On March 11, 2014, Moorhead filed a *pro se* motion requesting that the Superior Court hold a hearing on her complaint. Instead of holding a hearing, the Superior Court issued a June 26, 2014 order denying her mandamus petition[4] and denying her motion for a hearing as moot. In arriving at its decision, the Superior Court credited the assertions in the Government's opposition, and concluded that Moorhead's dissatisfaction "with the level of emphasis and commitment of time spent on those subjects" was insufficient to justify the "extraordinary" remedy of a writ of mandamus. (J.A. 5.) Moreover, the Superior Court concluded that Moorhead "concede[d] that many schools had begun to infuse V.I. History, as best they can, in their social studies classes." (J.A. 4-5.) The June 14, 2014 order did not separately discuss Moorhead's claim under 5 V.I.C. § 80. Moorhead timely filed her *pro se* notice of appeal on July 14, 2014. Subsequently, an attorney, Ronald E. Russell, Esq., entered an appearance for Moorhead on September 8, 2014.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court." 4 V.I.C. § 32(a). Because the Superior Court's June 26, 2014 order resolved all claims between the parties, it constitutes a final appealable judgment within the meaning of section 32(a). *Weary v. Long Reef Condo. Ass'n*, 57 V.I. 163, 165 (V.I. 2012) (citing *Matthew v. Herman*, 56 V.I. 674, 677 (V.I. 2012)).

"[T]he standard of review for this Court's examination of the Superior Court's application of law is plenary, while findings of fact are reviewed

---

[4] Typically, when the initiating document in a case is styled as a petition — such as a petition for a writ of mandamus — and the court rules in favor of the respondent, it is appropriate, as the Superior Court did in this case, to state that the petition is denied. *See* Jon O. Newman, *Decretal Language: Last Words of an Appellate Opinion*, 70 BROOK. L. REV. 727, 733-34 (2005). However, as noted above, Moorhead, while stylizing her *pro se* filing as a "Petition for Writ of Mandamus," also pled a claim under 5 V.I.C. § 80, which is typically not brought as a petition, but pleaded as an ordinary complaint. To the extent the Superior Court intended to dispose of Moorhead's section 80 claim rather than simply overlooking it, it would have been more appropriate to state that Moorhead's complaint was dismissed, or that judgment was being entered in favor of the Government on that claim.

for clear error." *Rawlins v. People*, 58 V.I. 261, 268 (V.I. 2013) (citing *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007)).

## B. Mandamus and Taxpayer Claims

In her appellate brief, Moorhead argues that the Superior Court erred when it denied her motion for a hearing as moot, and denied her request for mandamus relief by crediting all of the statements the Government made in its opposition. The Government responds by stating that the decision to hold an evidentiary hearing on a mandamus petition is discretionary rather than mandatory, and essentially argues that any error by the Superior Court was harmless because Moorhead possessed "other civil causes of action . . . other than a petition for writ of mandamus." (Appellee's Br. 9.)

■■■ We agree with Moorhead that the Superior Court erred in crediting the Government's factual statements. While the Government is correct that the decision whether to hold a hearing is ordinarily vested in the discretion of the Superior Court, *see Yusuf v. Hamed*, 59 V.I. 841, 861 n.13 (V.I. 2013), the gravamen of Moorhead's argument is not that the Superior Court failed to hold a hearing, but that the Superior Court *both* declined to hold a hearing *and* made factual findings based on the unsworn representations of the Government's counsel in its opposition. *Henry v. Dennery*, 55 V.I. 986, 994 (V.I. 2011) ("[U]nsworn representations of an attorney are not evidence."). And while the Superior Court could have nevertheless relied on those unsworn representations under the judicial admissions doctrine if the statements in Moorhead's complaint corroborated the Government's position, *see Arlington Funding Services, Inc. v. Geigel*, 51 V.I. 118, 133 (V.I. 2009), doing so was inappropriate in this case since Moorhead only acknowledged that the Department of Education had reported that "many schools had begun to infuse V.I. History, as best they can, in their social studies classes," (J.A. 4-5, 9), and emphasized in her complaint that Act No. 4844, by its plain language, required teaching Virgin Islands and Caribbean history to all students, which she claimed was not being done due to a "severe shortage of social history textbooks, especially at the high school level." (J.A. 11.) Thus, the Superior Court erred when it denied Moorhead's mandamus claim by relying on inadmissible, unsworn representations of the Government's counsel. *King v. Appleton*, 61 V.I. 339, 348 (V.I. 2014) (a factual finding is clearly erroneous when it is "completely devoid of minimum evidentiary support" (quoting *Yusuf*, 59 V.I. at 857)).

■ We agree, however, that the Superior Court's error is harmless as applied to Moorhead's mandamus claim. "To obtain a writ of mandamus, 'a petitioner must establish that it has no other adequate means to attain the desired relief and that its right to the writ is clear and indisputable.' " *In re Rogers*, S. Ct. Civ. No. 2014-0024, 2014 V.I. Supreme LEXIS 31, at *6 (V.I. May 27, 2014) (unpublished) (quoting *In re People of the V.I.*, 51 V.I. 374, 382 (V.I. 2009)). But "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *In re Joseph*, S. Ct. Civ. No. 2013-0015, 2013 V.I. Supreme LEXIS 14, at *8 (V.I. Apr. 5, 2013) (unpublished) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81, 124 S. Ct. 2576, 159 L. Ed. 2d 459 (2004)). As the Government noted in its brief, Moorhead has other avenues available to her to compel the Government to comply with Act No. 4844. In fact, in this very case, Moorhead brought an alternate claim under 5 V.I.C. § 80, a statute which provides that "[a] taxpayer may maintain an action to restrain illegal or unauthorized acts by a territorial officer or employee, or the wrongful disbursement of territorial funds." Consequently, Moorhead is not entitled to mandamus relief because, in the same complaint, she chose to plead a cause of action under 5 V.I.C. § 80, which if ultimately adjudicated in her favor[5] would provide her with an alternate means of seeking redress for her claim that the Government is in violation of Act No. 4844. *In re Le Blanc*, 49 V.I. 508, 517 (V.I. 2008).

■■ However, the fact that Moorhead expressly invoked 5 V.I.C. § 80 in her *pro se* complaint compels us to reverse the Superior Court's June 26, 2014 order. Although Moorhead cited to section 80 and the Government's opposition clearly recognized that Moorhead was asserting claims under both common-law mandamus and section 80, the Superior Court's June 26, 2014 order did not mention Moorhead's section 80 claim at all. Instead, the Superior Court analyzed the merits of Moorhead's

---

[5] Of course, if the Superior Court were to hold that Moorhead cannot bring a section 80 claim — for instance, if it were to hold that she does not qualify as a taxpayer — then Moorhead would appear not to have an alternate means of attaining redress. Under such circumstances, the Superior Court's decision to credit the unsubstantiated representations of the Government's counsel would not be harmless.

complaint solely through the lens of her mandamus claim.[6] As we have previously declared, the implicit denial of a claim, without providing any reasons, constitutes reversible error. *Anthony v. Indep. Ins. Advisors, Inc.*, 56 V.I. 516, 534-35 (V.I. 2012). Thus, the Superior Court erred when it summarily denied Moorhead's section 80 taxpayer claim without providing any explanation for its decision.

■ In its appellate brief, the Government implies that the Superior Court's summary denial of Moorhead's section 80 claim is itself harmless because "no cause of action would succeed given the plain language of [Act No. 4844] and [the Government]'s actions in incorporating Virgin Islands history in its curriculum." (Appellee's Br. 9-10.) As noted earlier, the Government failed to introduce any evidence during the Superior Court proceedings to support its claim that it has complied with Act No. 4844. And while the Superior Court held that "the statutory mandate is being followed," it arrived at that conclusion solely in the context of applying the law that is typically applicable to mandamus claims.[7] (J.A. 5.) This Court has emphasized that when the ministerial duty that is the

---

[6] We recognize that although Moorhead referenced section 80 in her *pro se* complaint, she captioned the document as a "Petition for Writ of Mandamus." But as we have repeatedly cautioned, it is the substance, and not the caption, of a document that controls the legal standard that the Court should apply. *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 228 n.5 (V.I. 2013) (quoting *Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 611-12 (V.I. 2012)). This is especially true when a document has been filed by a *pro se* litigant, since the Superior Court is required to apply a more liberal pleading standard to determine what claims are actually being asserted. *Joseph v. Bureau of Corr.*, 54 V.I. 644, 650 (V.I. 2011). Thus, the fact that Moorhead captioned her complaint as a mandamus petition did not authorize the Superior Court to overlook her section 80 claim and treat her complaint as only requesting a writ of mandamus. *See, e.g., Smith v. U.S. Dist. Court*, 956 F.2d 647, 649-50 (7th Cir. 1992) (characterizing a *pro se* mandamus petition as an action under the "common law right of access to judicial records" in recognition of a policy of reading pro se complaints liberally); *Smith v. U.S. Dist. Court Officers*, 203 F.3d 440, 441 (7th Cir. 2000) ("[S]ince nothing turns on whether [this] suit is described as a suit for mandamus or a suit to enforce a federal common law right, the district judge should have reclassified the suit.").

[7] As noted above, in the typical mandamus case, the petitioner must establish no other adequate means to attain the desired relief, that the right to the writ is clear and indisputable, and that the writ is appropriate under the circumstances. However, in a subset of cases involving highly time-sensitive issues — such as election cases — the "procedural rigor required in an ordinary mandamus case is somewhat relaxed." *Hansen v. O'Reilly*, 62 V.I. 494, 526 (V.I. 2015) (collecting cases) (internal quotation marks omitted). We conclude, as the Superior Court did given the test it employed, that Moorhead's claim that the Government is violating Act No. 4844 is not of such immediate urgency so as to justify setting aside the traditional requirements for attaining mandamus relief.

subject of a mandamus claim involves a failure to follow the law, mandamus is only appropriate with respect to "well-settled law," such as when the respondent has chosen to "ignore[] clear, binding precedent" from this Court. *In re Morton*, 56 V.I. 313, 320 (V.I. 2012). In other words, it is possible for the Government to violate Act No. 4844, but for the violation to not justify the extraordinary remedy of mandamus if the duty imposed by Act No. 4844 is not clear.

■ Section 80, however, does not mandate that the Government's violation be clear, but only that its actions be "illegal" or "unauthorized."[8] 5 V.I.C. § 80. Significantly, Moorhead argues in her complaint that Act No. 4844, by its own terms, requires *courses* in Virgin Islands and Caribbean history, and asserts that the Government's apparent practice of discussing these topics as part of selected *classes* within more general history courses or doing so only during Virgin Islands History Month, is insufficient to comply with the statutory mandate. Since the Superior Court applied only the heightened mandamus standard to Moorhead's claim that the Government is in violation of Act No. 4844, and the parties have not developed a factual record, we decline to characterize the denial of Moorhead's section 80 claim as harmless, and therefore reverse the June 26, 2014 order and remand this case to the Superior Court for further proceedings. In doing so, we express no opinion on the merits of Moorhead's interpretation of Act No. 4844 or any other aspect of her claim.

### III. CONCLUSION

The Superior Court committed error when it credited the unsworn representations of the Government's counsel and used those representations as grounds for denying her mandamus petition. Nevertheless, the Superior Court's error may be harmless, in that

---

[8] In the opposition it filed in the Superior Court, the Government maintained that Moorhead could not bring a section 80 claim because "there is no allegation that seeks to restrain illegal or unauthorized acts by the [Government]." (J.A. 7.) Since Moorhead's complaint unambiguously alleged that the Government was violating Act No. 4844 by failing to instruct all students on Virgin Islands and Caribbean history, the Government appears to have taken the position that section 80 only authorizes a taxpayer to prevent an active, rather than passive, violation of the law. However, this Court has already held that a taxpayer may bring a section 80 claim to force a government official to take a certain action, such as removing an individual from an election ballot. *Haynes v. Ottley*, 61 V.I. 547, 567 (V.I. 2014).

Moorhead cannot succeed on her mandamus claim if she is able to seek redress under her alternate claim under 5 V.I.C. § 80. However, since the Superior Court summarily denied her section 80 claim, we reverse the June 26, 2014 order and remand this matter to the Superior Court so that it may consider Moorhead's section 80 claim on the merits, and reconsider the denial of mandamus relief in the event it were to conclude that relief is not available to Moorhead under section 80.