**LEBRON SMITH, Appellant/Petitioner**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS; OFFICE OF THE**
**ATTORNEY GENERAL; EMPLOYEES OF THE BUREAU OF**
**CORRECTIONS, Appellees/Respondents**

S. Ct. Civil No. 2015-0112

Supreme Court of the Virgin Islands

August 4, 2017

LEBRON SMITH, Lecanto, FL, *Pro se.*

SU-LAYNE WALKER, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

### (August 4, 2017)

CABRET, *Associate Justice.* Lebron Smith[1] appeals the Superior Court's October 21, 2015 order denying his August 14, 2015 "motion for writ of habeas." Because the Superior Court abused its discretion by treating this filing as a second habeas corpus petition instead of analyzing it as a motion for relief from a judgment or order, we reverse the Superior Court's October 21, 2015 order and remand this matter so that the Superior Court can evaluate Smith's motion under the proper legal standard.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Smith was tried by a jury on December 10, 2004, and was convicted of kidnapping for ransom, among other charges. Smith appealed to the

---

[1] Smith was charged and convicted under the name "Leburn A. Smith." On appeal, Smith spells his name "Lebron" instead of "Leburn."

Appellate Division of the District Court of the Virgin Islands, which affirmed his convictions. *See Smith v. Gov't of the V.I.*, 51 V.I. 712, 715 (D.V.I. App. Div. 2009).

Smith filed a habeas corpus petition with the Superior Court on December 10, 2014. In his petition, Smith alleged that the People violated his Fifth, Sixth, and Fourteenth Amendment rights by introducing statements made by Smith against a codefendant in a joint trial. Specifically, he claimed that his statements should have been redacted, and that the People's use of his unredacted statements incriminated him in violation of the Fifth Amendment. He further claimed that the opinion of the United States Court of Appeals for the Third Circuit in his codefendant's appeal establishes that the People's use of his statements violated his Sixth and Fourteenth Amendment rights. *See Gov't of the V.I. v. Lake*, 378 Fed. Appx. 245, 247 (3d Cir. 2010) (unpublished) (concluding that the introduction of Smith's statements against his codefendant constituted "an obvious error" because the statements "referred to [Smith's codefendant] by his proper name and directly implicated him" in violation of his Confrontation Clause rights — but finding that this error did not affect the substantial rights of Smith's codefendant).

The Superior Court docketed Smith's petition as Super. Ct. Civ. No. 14/564 (STT). It concluded that the petition did not state facts that, if true, entitled Smith to habeas relief. It reasoned that Smith had not stated a prima facie claim for relief under the Sixth Amendment's Confrontation Clause because he did not identify statements that had been introduced against him. It further reasoned that Smith's Fifth Amendment argument only recited a legal conclusion and neither identified the incriminating statements nor explained why they should have been excluded. Consequently, by order entered on April 7, 2015, the Superior Court denied Smith's petition and dismissed Super. Ct. Civ. No. 14/564 (STT).

On August 14, 2015 — over four months after his habeas petition was dismissed — Smith filed a document titled "motion for writ of habeas" with the Superior Court under the same case number assigned to his habeas petition. In this filing, Smith challenged the Superior Court's conclusion that he did not state facts that, if true, entitle him to habeas relief. He did so by identifying two premises on which the Superior Court's April 7, 2015 order rested, and then attempted to explain why those premises were incorrect. Although Smith recited many of the same arguments raised in his December 14, 2014 habeas petition, he did so to

conclude first that "the Superior Court erred" when it denied that petition, and second that he was entitled to a hearing on that petition.

■ In a two-page order entered on October 21, 2015, the Superior Court rejected Smith's August 14, 2015 filing, treating it as a second habeas petition and explaining that Smith cannot offer a new habeas petition "by re-opening a closed case." It stated that Smith was free to either "make a timely motion under FED. R. CIV. P. 60, LRCI 7.3, or equivalent" in order to reopen his case, or to "file a new petition with the Clerk of the Court along with the necessary fees and paperwork, as applicable." The Superior Court concluded that Smith's filing was "improperly filed." Smith filed a timely notice of appeal on November 11, 2015.[2]

## II. JURISDICTION

■ "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court." V.I. CODE ANN. tit. 4, § 32(a). The denial of a habeas corpus petition represents a final order from which an appeal may lie, *see Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 292-93 (V.I. 2014) (quoting *Suarez v. Gov't of the V.I.*, 56 V.I. 754, 758 (V.I. 2012)), while an order that disposes of all claims submitted for adjudication is also a final order over which we have jurisdiction. *See Matthew v. Herman*, 56 V.I. 674, 677 (V.I. 2013) (citing *Bryant v. People*, 53 V.I. 395, 401 (V.I. 2010)). Regardless of whether we treat the Superior Court's October 21, 2015 order as a denial of a second habeas petition or the disposal of a motion for relief from the Superior Court's April 7, 2015 order denying Smith's December 10, 2014 habeas petition, we have jurisdiction over this appeal.

## III. DISCUSSION

Smith appeals the Superior Court's October 21, 2015 order rejecting his August 14, 2015 filing, and seeks a ruling from this Court that he is

---

[2] In his notice of appeal, Smith states that he is appealing the Superior Court's "October 12, 2015" order in Super. Ct. Civ. No. 564/2014. As there is no October 12, 2015 order in this case, there is no question that Smith meant to write "October 21" instead of "October 12." *See Rodriguez v. Bureau of Corr.*, 58 V.I. 367, 374 (V.I. 2013) (" '[A]ppellate courts will liberally construe purported notices of appeal, particularly those of *pro se* litigants, and allow an appeal to proceed so long as the intent to appeal the judgment is apparent, and there is not prejudice to the adverse party.' " (quoting *Vazquez v. Vazquez*, 54 V.I. 485, 490 (V.I. 2010))), *overruled in part on other grounds by Mosby v. Mullgrav*, 65 V.I. 261, 265-67 (V.I. 2016).

entitled to a hearing on the merits of his December 10, 2014 habeas petition. The People contends that Smith waived any challenge to the Superior Court's October 21, 2015 order because Smith failed to raise those challenges in his appellate brief. Before addressing the Superior Court's treatment of Smith's August 14, 2015 filing, we must address the People's waiver argument.

■ ■ In ascertaining whether an appellant has waived an argument, "[o]ur rules only require an issue to be raised in the original appellant . . . brief, with proper citations to authority and argument, to avoid waiver." *Prosser v. Pub. Servs. Comm'n of the U.S.V.I.*, 56 V.I. 391, 397 n.12 (V.I. 2012) (citing *Bernhardt v. Bernhardt*, 51 V.I. 341, 345-46 (V.I. 2009)). On pages seven through ten of his brief, Smith "seeks to reason with this Supreme Court" that the Superior Court erred by denying him a hearing on the merits of his December 10, 2014 habeas petition. Although Smith recites many of the arguments contained in his December 10, 2014 habeas petition, he does so to explain why the Superior Court erred in concluding that his habeas petition did not warrant an evidentiary hearing. Smith supports his arguments with citations to the United States Constitution and one Supreme Court case, cites to the Superior Court's April 7, 2015 order — which is contained in the joint appendix — and his notice of appeal identifies the October 21, 2015 order as the subject of his appeal. Since Smith challenged the Superior Court's October 21, 2015 order in his brief and supports that challenge with citations to legal authority and the joint appendix, we reject the People's waiver argument.

Since Smith did not waive his arguments concerning the Superior Court's October 21, 2015 order, we may evaluate the propriety of that order. But because the standard of review governing the October 21, 2015 order depends on the nature of Smith's August 14, 2015 filing, we must first ascertain whether the Superior Court properly characterized Smith's August 14, 2015 filing as a second habeas petition, or whether the Superior Court should have construed that filing as a motion for relief from its April 7, 2015 order denying his December 10, 2014 habeas petition. *Compare Rivera-Moreno*, 61 V.I. at 293 (exercising plenary review over the denial of a habeas corpus petition), *with Appleton v. Harrigan*, 61 V.I. 262, 268 (V.I. 2014) (reviewing a motion for relief from a judgment or order for an abuse of discretion (citing *Gould v. Salem*, 59 V.I. 813, 817 (V.I. 2013))), *and Island Tile & Marble v. Bertrand*, 57 V.I. 596, 621 (V.I. 2012) (observing that "the standard of review for the

denial of a 'motion for reconsideration' — whether under Federal Rule 54(b), Superior Court Rule 50, or LRCi 7.3 — is abuse of discretion").[3]

■ ■ It is well-established that *pro se* litigants are entitled to greater leeway in matters of pleading and procedure. *Joseph v. Bureau of Corr.*, 54 V.I. 644, 650 (V.I. 2011) (citing *Dennie v. Swanston*, 51 V.I. 163, 169 (V.I. 2009)). " '[W]hen a litigant chooses to represent himself, it is the duty of the . . . court to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done an adverse party.' " *Smith v. Emps. of the Bureau of Corr.*, 64 V.I. 383, 392 (V.I. 2016) (quoting *Bernhardt*, 51 V.I. at 352 n.8). And "as we have repeatedly cautioned, it is the substance, and not the caption, of a document that controls the legal standard that the Court should apply." *Moorhead v. Mapp*, 62 V.I. 595, 601 n.6 (V.I. 2015) (citing *Anthony v. FirstBank V.I.*, 58 V.I. 224, 228 n.5 (V.I. 2013)). A filing is properly construed as a motion for relief from a judgment or order — and not as a habeas petition — when it "merely asserts that a previous ruling which precluded a merits determination [of a habeas petition] was in error" and does not attack the movant's underlying conviction. *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005).

■ Here, the gravamen of Smith's August 14, 2015 filing appears on page six of that document, where Smith argues that, "the Superior Court erred when it denied [his] first habeas [petition]." In support of this argument, Smith identifies the two premises upon which the April 7, 2015 order rests, and then explains why these premises are incorrect.[4] He concludes by arguing that "the Superior Court erred when it denied [his]

---

[3] In this jurisdiction, motions for relief from a judgment or order are governed by Virgin Islands Rule of Civil Procedure 60. V.I. R. Civ. P. 60 is derived from Federal Rule of Civil Procedure 60, and we may look to decisions interpreting analogous federal rules as persuasive authority when applying our own rules. *See Ventura v. People*, 64 V.I. 589, 615 (V.I. 2016) ("[A]ll canons of statutory interpretation apply when interpreting and construing rules of procedure[.]" (quoting *People v. Ventura*, Case No. SX-2012-CR-076, 2014 V.I. LEXIS 53, at *58 (V.I. July 25, 2014) (unpublished))); *Rivera-Moreno*, 61 V.I. at 303 (interpretations of statutes from other jurisdictions are persuasive authority when interpreting a similarly-worded local statute). The interplay between V.I. R. Civ. P. 60, Fed. R. Civ. P. 60, and Super. Ct. R. 50 as it pertains to this case is discussed in footnotes 7 and 8, *infra*.

[4] In response to the Superior Court's conclusion that his Fifth Amendment claim "fails to allege what the self-incriminating statements were and why they should have been excluded from trial," Smith clarifies that the statements at issue are those in which he identified his codefendant by name, and that they should have been excluded because they were not redacted when presented to the Court, permitting the jury to infer that Smith was part of the

first habeas," and that, "contrary to the [c]ourt's denial," he established a prima facie case for habeas relief and is entitled to a hearing on the merits of his petition. Although much of Smith's August 14, 2015 filing recites arguments similar to those made in his December 10, 2014 habeas petition, it does so in order to explain why the Superior Court erred when it refused to reach the merits of his habeas petition.[5] Since Smith's August 14, 2015 filing is, in substance, an argument that the Superior Court erred in denying his December 10, 2014 habeas petition, the Superior Court should have construed Smith's August 14, 2015 filing as a motion for relief from the Superior Court's April 7, 2015 order. Its October 21, 2015 order denying Smith's August 14, 2015 motion is therefore an order denying a motion for relief from a judgment or order that we review for an abuse of discretion. *See* footnote 3, *supra*, and accompanying text.

■ The Superior Court abuses its discretion when it applies the wrong legal standard in ruling on a motion. *See, e.g., Better Bldg. Maint. of the V.I., Inc. v. Lee*, 60 V.I. 740, 750 & n.5 (V.I. 2014) (concluding that the Superior Court abused its discretion by admitting evidence of a misdemeanor conviction during trial for impeachment purposes because the court identified the wrong legal standard governing the admission of such evidence and provided no explanation for its decision); *Rojas v. Two/Morrow Ideas Enters.*, 53 V.I. 684, 694 (V.I. 2010) (concluding that the Superior Court abused its discretion when it reviewed the

---

crime committed by his codefendant. In response to the Superior Court's determination that he "has not alleged the introduction of any statements against him for which he did not have an opportunity to examine the witness or otherwise be confronted with his accuser," Smith clarifies that his Sixth Amendment claim is premised upon an alleged ineffective assistance of counsel, due to his counsel's failure to object to the use of Smith's unredacted statements and failure to allow Smith to testify concerning those statements — resulting in a violation of his codefendant's Sixth Amendment Confrontation Clause rights.

[5] Smith also attempts to invoke Federal Rule of Civil Procedure 60(b)(4) by claiming that his conviction was void. V.I. R. Civ. P. 60(b) contains the same grounds for relief as Federal Rule 60(b), and a Federal Rule 60(b)(4) challenge would only be proper if a trial court lacked jurisdiction over Smith's habeas petition or acted in a manner inconsistent with due process of law. *See, e.g., Lipin v. Hunt*, 573 F. Supp. 2d 830, 832 n.2 (S.D.N.Y. 2008) (" 'Under Rule 60(b)(4), a judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.' " (quoting *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006))). However, Smith's attempt to seek relief under Federal Rule 60(b) constitutes additional evidence that his August 14, 2015 filing represents a motion for relief from the Superior Court's April 7, 2015 order — not a second habeas petition.

reasonableness of a mediated settlement and distribution plan under the wrong legal standard); *see also Tanner v. Yukins*, 776 F.3d 434, 442 (6th Cir. 2015) (observing, in an appeal involving the district court's denial of a motion for relief from an order denying a habeas petition, that "[a] district court abuses its discretion when it . . . applies the wrong legal standard" (citation omitted)); *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (observing that a court "will set aside a preliminary injunction for abuse of discretion when the district court applies the wrong legal standard in granting a motion for such an injunction"); *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1326 (11th Cir. 2008) (concluding that the district court abused its discretion when it applied the wrong legal standard when evaluating a claim under section 8(b) of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617); *State v. Gentry*, 183 Wn.2d 749, 356 P.3d 714, 722-23 (2015) (concluding that the trial court abused its discretion when applying the wrong legal standard in granting a motion to end additional DNA testing). Here, there can be no question that the Superior Court applied the wrong legal standard when ruling on Smith's August 14, 2015 motion for relief because the Superior Court treated that filing as a habeas corpus petition instead of analyzing it as a motion for relief from a judgment or order. The two standards differ markedly. *Compare Rivera-Moreno*, 61 V.I. at 311 (" 'When presented with a petition for a writ of habeas corpus, a court must first determine whether the petition states a prima facie case for relief — that is, whether it states facts that, if true, entitle the petitioner to relief — and also whether the stated claims are for any reason procedurally barred.' " (quoting *People v. Romero*, 8 Cal. 4th 728, 35 Cal. Rptr. 2d 270, 883 P.2d 388, 391 (1994))), *with* V.I. R. CIV. P. 60(b) (setting forth grounds on which the Superior Court may relieve a party from a judgment or order), *and* FED. R. CIV. P. 60(b) (setting forth the same grounds for relief in federal courts).[6] And even though it categorized Smith's filing as a second habeas petition, the Superior Court did not conduct the prima facie

---

[6] Prior to the promulgation of the Virgin Islands Rules of Civil Procedure, Federal Rule of Civil Procedure 60 ostensibly applied to proceedings in the Superior Court through the operation of Superior Court Rule 50, although we have questioned whether the wholesale incorporation by reference of a federal rule of civil procedure violates the Revised Organic Act. Since the promulgation of the Virgin Islands Rules of Civil Procedure repeals all inconsistent Superior Court rules and V.I. R. CIV. P. 60 pertains to motions for relief from judgments and orders, the promulgation of V.I. R. CIV. P. 60 repeals Superior Court Rule 50, which purported

analysis mandated by our precedent in *Rivera-Moreno*. Instead, the Superior Court merely admonished Smith that he should have either made a timely motion to reopen Super. Ct. Civ. No. 564/2014 (STT), or filed a new habeas petition with the Clerk of the Court under a new file number. Regardless, the Superior Court failed to consider whether Smith was entitled to relief from its April 7, 2015 order, and since the Superior Court failed to apply the correct legal standard when ruling on Smith's August 14, 2015 motion, the Superior Court's October 21, 2015 order denying that motion constitutes an abuse of discretion.

## IV. CONCLUSION

The Superior Court abused its discretion in characterizing Smith's August 14, 2015 motion as a second habeas petition instead of analyzing it as a motion for relief from the Superior Court's April 7, 2015 order. Accordingly, we reverse the Superior Court's October 21, 2015 order and remand this matter so that the Superior Court can consider Smith's motion under the appropriate standard.[7]

---

to address the setting aside of defaults and judgments by incorporating Federal Rules of Civil Procedure 59 through 61 by reference.

[7] Virgin Islands Rule of Civil Procedure 60 contains the legal standard that governs Smith's motion. *See* footnote 3, *supra* (explaining that V.I. R. CIV. P. 60 governs motions for relief from judgments and orders, and further explaining that authority interpreting FED. R. CIV. P. 60 is persuasive with respect to the application of our local rule); *see also* footnote 6, *supra* (V.I. R. CIV. P. 60 must govern the Superior Court's review of Smith's motion because that rule's promulgation repealed the Superior Court rule that would have otherwise governed Smith's motion — so long as the Superior Court were to conclude that Federal Rule of Civil Procedure 60 served a valid purpose pursuant to the analysis mandated by *Vanterpool v. Gov't of the V.I.*, 63 V.I. 563, 582 (V.I. 2015)).