

**FILED**
October 22, 2025 04:47 PM
ST-2012-CV-00601
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

SHURNA LETTSOME, )   CASE NO. ST-2012-CV-00601
)
      Plaintiff, )
  vs. )
)
PROPERTY & PROCUREMENT TASK FORCE, )   **ACTION FOR DAMAGE OF**
& VIRGIN ISLANDS HOUSING AUTHORITY, )   **PROPERTY**
)
      Defendants. )
_____ )

**Cite as 2025 VI Super 37 U**

**MEMORANDUM OPINION**

**THIS MATTER** is before the court on Defendant Virgin Islands Housing Authority's ("VIHA"), Renewed Motion to Dismiss for Failure to Prosecute, pursuant to V.I. R. CIV. P. 41(b) ("Motion"), filed January 4, 2018. Plaintiff Shurna Lettsome ("Lettsome"), *pro se*, has not filed a response to either motion.[1]. For the reasons set forth below, the Motion will be granted.[2]

**BACKGROUND & DISCUSSION**

Lettsome alleges that a family vehicle, stored on the premises of VIHA, was improperly tagged for removal, was moved, damaged and ultimately apparently disposed of at the Bovoni dump. During a status conference on January 22, 2015, Lettsome advised the court that title to the vehicle that is the subject of her claim was held by her mother, Bellencita Benjamin, who was already deceased.[3] Lettsome conceded that she never held title to the vehicle.

---

[1] On June 13, 2025, Lettsome filed a letter including background information regarding the instant matter that does not address the motion to dismiss but asks for an update on her case and reiterates her claim for the value of the vehicle.

[2] Also pending is VIHA' Motion to Dismiss, filed December 23, 2014. It will be dismissed as moot.

[3] Bellencita Benjamin died on July 5, 2011, before this case was initiated.

*Lettsome v. Prop. & Procurement Task Force*
Case No. ST-2012-CV-00601
Memorandum Opinion - Motion to Dismiss
Page 2 of 9

Cite as 2025 VI Super 37 U

Accordingly, the court directed Lettsome to substitute the Estate of Bellencita Benjamin for herself. *See* Orders August 11, 2015, January 12, 2016, and July 11, 2017. Lettsome initiated the probate matter of the Estate of Bellencita Benjamin ("Estate of Benjamin") on or around March 17, 2016, but it was administratively closed on March 29, 2022, for lack of activity and failure to comply with the probate order.[4] According to the dismissal order, no action was taken on the probate matter since August 2017.[5] VIHA has moved to dismiss the matter for failure to prosecute because Lettsome has not moved to substitute the Estate of Benjamin for Lettsome.

### *Legal Standard*

Pursuant to the Virgin Islands Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." V.I. R. CIV. P. 41(b). When considering a motion to dismiss for failure to prosecute, the court must balance six factors, also known as the *Halliday* factors, and make express findings on each. *Molloy v. Indep. Blue Cross*, 56 V.I. 155, 186 (V.I. 2012). The six factors the court must consider are as follows: 1) the extent of the non-moving party's responsibility in prosecuting the matter; 2) the prejudice to the moving party caused by the non-moving party's failure to prosecute; 3) the history of dilatoriness; 4) whether the conduct of the non-moving party was willful or in bad faith; 5) the effectiveness of other sanctions besides dismissal; and 6) the meritoriousness of the claim or defense. *V.I. Taxi Ass'n v. V.I. Port Auth.*, 67 V.I. 643, 692 (V.I. 2017) (quoting *Halliday v. Footlocker Specialty, Inc.*, 53 V.I. 505, 510 (V.I. 2010) (internal citation omitted)).

---

[4] Order, *In re Estate of Benjamin*, Case No. ST-2016-PB-00019, Superior Court of the Virgin Islands, Mar. 29, 2022.
[5] A review of the probate file suggests that Lettsome never arranged for the publication of the notice to creditors.

*Lettsome v. Prop. & Procurement Task Force*
Case No. ST-2012-CV-00601
Memorandum Opinion - Motion to Dismiss
Page 3 of 9

Cite as 2025 VI Super 37 U

*Analysis*

1. The extent of Lettsome's responsibility in prosecuting the matter.

The first *Halliday* factor "focuses on the party's conduct when examining whether the party was responsible for the actions or inactions . . . " in delaying the prosecution of the matter. *See V.I. Taxi Ass'n*, 67 V.I. at 693; *Hassan v. Bishop*, 2023 VI Super 20, ¶12. The pleadings and related moving papers filed by a *pro se* litigant – *i.e.*, generally, a person lacking formal legal training who decides to represent themselves – are interpreted with greater leniency. *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 622 (V.I. 2017). Nonetheless, while the court has the duty to ensure fairness in judicial proceedings, the leniency afforded to a *pro se* litigant cannot lead to harm upon the adverse party. *Tate v. Jaber Company*, 2019 VI Super 89, ¶20 (quoting *Smith v. Gov't of V.I.*, 67 V.I. 797, 802 (V.I. 2017)).

VIHA argues that Lettsome freely chose to initiate the instant action, so she carries the responsibility of being diligent in prosecuting the matter. VIHA contends that Lettsome knew that the vehicle's title was held by her deceased mother and that the Estate of Benjamin would need to be substituted in for Lettsome, but that Lettsome did not effect the substitution.

The court notified Lettsome on several occasions of her responsibility to initiate a probate matter for the Estate of Benjamin and substitute the Estate of Benjamin for Lettsome, starting in August 2015.[6] Therefore, the court finds that Lettsome is personally responsible for failing to prosecute the instant matter, especially since she is a self-represented litigant. This factor weighs in favor of dismissal.

---

[6] Order, Aug. 11, 2015; Order, Jan. 12, 2016.

*Lettsome v. Prop. & Procurement Task Force*
Case No. ST-2012-CV-00601
Memorandum Opinion - Motion to Dismiss
Page 4 of 9

Cite as 2025 VI Super 37 U

2. The prejudice to VIHA caused by Lettsome's failure to prosecute the matter.

Prejudice to the moving party is demonstrated by, *inter alia*, the increased expenses arising from the extra costs associated with dealing with the dilatory behavior of a stagnant proceeding. *V.I. Taxi Ass'n*, 67 V.I. at 696; *Molloy*, 56 V.I. at 189. VIHA argues it is prejudiced by Lettsome's inaction given that it is not a proper defendant because it is not responsible for removing abandoned vehicles.[7] VIHA asserts that, under Virgin Islands law, it lacks the authority "to act in any manner relative to the removal , or storage of abandoned motor vehicles."[8] VIHA has repeatedly maintained that it is not the proper party to provide Lettsome relief, thus it continues to be prejudiced by the continuation of the instant action and its participation in motion practice. The court agrees and finds this factor weighs in favor of dismissal.

3. The history of dilatoriness.

A history of dilatoriness is demonstrated by consistent delays in prosecuting the legal action. *V.I. Taxi Ass'n*, 67 V.I. at 697. Courts in the Virgin Islands consider that failures to comply with court orders are demonstrative of dilatoriness. *Hassan*, ¶16; *Gilbert v. Gilbert*, Case No. SX-2015-CV-00508, 2017 WL 4082358, at *3 (V.I. Super. Ct. Sept. 11, 2017) (unpublished); *Remy v. Ford Motor Co.*, 48 V.I. 141, 153 (V.I. Super. Ct. 2006); *but cf. Molloy*, 56 V.I. at 191 (A short delay in responding to one court "order by itself does not justify a finding that there was a history of dilatoriness.").

---

[7] Motion to Dismiss 5, Oct. 18, 2017.

[8] *See* Motion to Dismiss 5, Oct. 18, 2017; Motion to Dismiss 5, Dec. 23. 2014.

*Lettsome v. Prop. & Procurement Task Force*
Case No. ST-2012-CV-00601
Memorandum Opinion - Motion to Dismiss
Page 5 of 9

Cite as 2025 VI Super 37 U

Here, at the time the Motion was filed, VIHA notes the Estate of Benjamin was open, but Lettsome did not file a motion for substitution.[9] Indeed, the court advised Lettsome to seek assistance from the Legal Services of the Virgin Islands[10] while leniently granting Lettsome several extensions of time for her to substitute the Estate of Benjamin for herself.[11] Crucially, while Lettsome eventually initiated the probate matter on or around March 2016, it was later administratively closed because no action was taken on the matter since August 2017.[12] The court finds the history of dilatoriness in prosecuting this matter highly favors dismissal for failure to prosecute.

4. Whether Lettsome's conduct was willful or in bad faith.

Regarding the fourth *Halliday* factor, willful conduct is characterized as involving intentional or self-serving behavior and being deliberate and contumacious.[13] *V.I. Taxi Ass'n*, 67 V.I. at 698. VIHA argues that Lettsome's conduct may be considered willful because, at the time the Motion was filed, the Estate was open and Lettsome was merely required to file a motion to

---

[9] A review of the probate file by the undersigned judicial officer reflects that a petition for settlement without administration of the Estate of Benjamin was filed on March 17, 2016, and the heirs were attempting to assign their interest in the estate (and the subject vehicle) to Lettsome. On December 29, 2016, the court issued an order for publication of notice to creditors. But it appears that Lettsome was unable to arrange for the publication of the notice to creditors due to the cost associated with same. More importantly, the probate matter was initiated as a settlement without administration. Therefore, Lettsome had no authority to act on behalf of the Estate while it was open.

[10] Legal Services of the Virgin Islands "is a non-profit 501(c)(3) organization that has as its purpose the furnishing of civil legal assistance to the poor, and other disadvantaged individuals, free of charge." Legal Services of the Virgin Islands, https://lsvilaw.org (last visited Oct. 16, 2025).

[11] Order, Aug. 11, 2015; Order, Jan. 12, 2016; Order, July 11, 2017.

[12] Order, *In re Estate of Benjamin*, Case No. ST-2016-PB-00019, Superior Court of the Virgin Islands, Mar. 29, 2022.

[13] Contumacious conduct is defined as "[a] willful disobedience of a court order." *Conduct*, Black's Law Dictionary (12th ed. 2024).

have the Estate of Benjamin substituted as the plaintiff.[14]  However, this court disagrees.  The probate record reveals that the probate was initiated as a petition for settlement without administration.  Thus, the probate matter included no request for the appointment of an executor or administrator and Lettsome would have had no authority to act on behalf of the Estate of Benjamin; as such, had she filed a motion for substitution of the Estate of Benjamin, it would likely have been unsuccessful.

The court finds that Lettsome's conduct does not demonstrate willfulness or bad faith in prosecuting the instant matter.  The record suggests Lettsome likely made the best efforts she could as a *pro se* litigant and apparently with limited resources.[15]  *Molloy*, 56 V.I. at 192 (The trial court cannot presume that a party's conduct is willful without the evidence to support that conclusion.).  Indeed, there is no evidence that Lettsome's conduct was willful or in bad faith.  Therefore, because the court cannot presume that Lettsome's inaction or inability to conclude the probate matter, while experiencing financial difficulties, was willful or in bad faith, this factor does not favor dismissal.

5. The effectiveness of sanctions other than dismissal.

Dismissing an action for failure to prosecute is an action the court should only take as a last resort option; because dismissal is an extreme sanction, the court must consider other alternative sanctions before doing so.  *Molloy*, 56 V.I. at 188; *Hassan*, ¶20.  Alternative sanctions "include excluding evidence, precluding witnesses from testifying, striking portions of pleadings,

---

[14] Motion to Dismiss 6, Oct. 18, 2017.

[15] On September 2, 2014, the court granted Lettsome's petition to proceed *in forma pauperis* in this matter.

*Lettsome v. Prop. & Procurement Task Force*
Case No. ST-2012-CV-00601
Memorandum Opinion - Motion to Dismiss
Page 7 of 9

Cite as 2025 VI Super 37 U

or imposing sanctions to compensate the harmed party for reasonable expenses." *V.I. Taxi Ass'n*, 67 V.I. at 699.

VIHA argues that dismissal of the action is the only appropriate sanction and that a lesser sanction would not serve any practical benefit, and the court agrees. Lettsome is a *pro se* litigant, and she informed the court of her financial hardships even before the probate for the Estate of Benjamin was initiated, so the court opines that a monetary sanction is not a reasonable, alternative sanction.[16] More importantly, a financial sanction would not serve any purpose as Lettsome's efforts in the probate matter would continue to be stalled and she would be no closer to acquiring title to the vehicle to pursue this matter. Further, other alternative forms of sanctions, such as excluding evidence or precluding witnesses from testifying, are not proper alternative forms of sanctions because they would be inconsistent with the finding of the sixth factor below. In other words, applying alternative forms of sanctions implies Lettsome's claim has merit. Therefore, here, the court finds there are no lesser effective sanctions other than dismissal.

6. The meritoriousness of Lettsome's claim.

A claim is deemed meritorious when the pleading's allegations, if established at trial, would support the plaintiff's claim for relief, and the court must consider whether it was likely or even possible for the claim to prevail at trial based on its allegations. *V.I. Taxi Ass'n*, 67 V.I. at 700.

VIHA argues that Lettsome's claim lacks merit because she does not have standing and because she could not prevail against VIHA since it is not responsible for the removal of

---

[16] Motion for Extension, Feb. 24, 2015; Motion for Extension, Sept. 30, 2015.

*Lettsome v. Prop. & Procurement Task Force*
Case No. ST-2012-CV-00601
Memorandum Opinion - Motion to Dismiss
Page 8 of 9

Cite as 2025 VI Super 37 U

abandoned vehicles.[17] Furthermore, Lettsome's claim lacks merit because she does not hold title to the vehicle at issue and cannot currently pursue a claim on behalf of her mother's estate. And Lettsome's efforts to gain title to the vehicle through a settlement without administration have fallen by the wayside. In fact, the sole purpose of the court's orders directing Lettsome to initiate the probate matter for the Estate of Benjamin was to substitute the proper plaintiff for Lettsome, which Lettsome did not effect. Therefore, the court finds that this factor favors dismissal.

## CONCLUSION

The Motion seeks dismissal of the action pursuant to V.I. R. Civ. P. 41(b). In applying the six *Halliday* factors, the court finds that five factors favor dismissal of the matter. Specifically, the court concludes that the extent of Lettsome's responsibility in prosecuting the matter, the prejudice caused to VIHA, Lettsome's history of dilatoriness, the lack of other less severe sanctions, and the lack of meritoriousness of Lettsome's claims all favor dismissal for failure to prosecute. Therefore, the court finds VIHA is entitled to dismissal of the claims against it.

Based on the foregoing, the court will grant VIHA's January 4, 2018 motion to dismiss for failure to prosecute, and will deny as moot VIHA's December 23, 2014 motion to dismiss. In addition, the court notes that by order entered on July 11, 2017, the court dismissed Lettsome's claims against Defendant Government of the Virgin Islands (Property & Procurement Task Force). Therefore, Plaintiff has no remaining claims.

---

[17] Motion to Dismiss 8, Oct. 18, 2017.

*Lettsome v. Prop. & Procurement Task Force*
Case No. ST-2012-CV-00601
Memorandum Opinion - Motion to Dismiss
Page 9 of 9

Cite as 2025 VI Super 37 U

An order consistent with this Memorandum Opinion will be issued contemporaneously.

DATED: October **22**, 2025

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

**BY:**

**DONNA DONOVAN**
Court Clerk Supervisor  10 / 22 / 2025