■ PARAMOUNT COMMUNICATIONS INC., Respondent, v HORSEHEAD INDUSTRIES, INC., Appellant. [731 NYS2d 433] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 16, 2000, which, in an action seeking indemnification of certain litigation costs and liabilities

incurred in other actions, and to recover the reasonable value of plaintiff's attorneys' fees, and the costs and disbursements incurred in this action, granted plaintiff's motion to have such value, costs and disbursements determined by the court, without a jury, after the trial to determine the amount of plaintiff's other damages, unanimously affirmed, with costs.

We are in accord with *McGuire v Russell Miller, Inc.* (1 F3d 1306, 1313 [2d Cir]) insofar as it holds that when a contract provides for an award of attorneys' fees, there is no right to a jury trial on the issue of the reasonable value of such fees. The amount of, if not the right to, attorneys' fees raises post-judgment issues collateral to the merits in the nature of an accounting that are essentially equitable in nature (*see, id.,* at 1315-1316; *cf., Kaplan v Long Is. Univ.,* 116 AD2d 508, 509). The foregoing is not to be understood to hold that there is no right to a jury trial on the issue of the reasonable value of an attorney's fees in an action by an attorney against a former client to recover fees (*see, id.,* at 1313; *Livingston v Blumenthal,* 248 App Div 138). Concur—Williams, J. P., Buckley, Friedman and Marlow, JJ.