IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

November 12, 2024 10:36 AM
SCT-Civ-2024-0092
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | | |
|---|---|---|
| **IN RE: THE BOURNE LAW OFFICE,** | ) | **S. Ct. Civ. No. 2024-0092** |
| Petitioner. | ) | Re: Super. Ct. RV. No. 019/2024 (STT) |
| | ) | |

On Petition for Writ of Mandamus
District of St. Thomas-St. John
Superior Court Judge: Hon. Sigrid Tejo

Considered and Filed: November 12, 2024

Cite as 2024 VI 31

**BEFORE:** **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; **IVE ARLINGTON SWAN**, Associate Justice; and **HAROLD W.L. WILLOCKS**, Associate Justice.

**APPEARANCES:**

**Judith L. Bourne, Esq.**
The Bourne Law Office, PLLC
St. Thomas, U.S.V.I.
          *Attorney for Petitioner,*

**Maria T. Hodge, Esq.**
Hodge & Hodge
St. Thomas, U.S.V.I.
          *Attorney for Respondent KLB Realty, LLC.*

# OPINION OF THE COURT

**PER CURIAM.**

¶ 1     This matter is before the Court on a petition for writ of mandamus filed by the Petitioner, The Bourne Law Office, PLLC, which primarily requests that this Court direct the Superior Court judge assigned to *The Bourne Law Office, PLLC v. KLB Realty, LLC*, Super. Ct. RV. No. 19/2024 (STT) (the "Nominal Respondent) to issue an unconditional stay pending appeal of the August 28, 2024 judgment in *KLB Realty, LLC, v. The Bourne Law Office, PLLC,* Super. Ct. Civ. No.

273/2024 (STT) which would, in effect, revoke a writ of restitution issued by the Clerk of the Superior Court on September 26, 2024, to effectuate that judgment. For the reasons that follow, we deny the petition with respect to the request for an unconditional stay but grant the petition in part to the extent it requests, as alternate relief, that the Nominal Respondent apply the correct legal standard in exercising her discretion to impose conditions, if any, on the stay pending appeal she has already ordered.

## I. BACKGROUND

¶ 2      On June 24, 2024, KLB Realty, LLC, initiated a forcible entry and detainer ("FED") action against The Bourne Law Office in the Superior Court, seeking its eviction for failure to timely pay rent.  The Clerk of the Superior Court docketed the case as Super. Ct. Civ. No. 273/2024 (STT), and the matter was assigned to the Magistrate Division. *See* 4 V.I.C. § 143(a)(6).  The magistrate judge held hearings on July 18 and 26, 2024, and at the conclusion of the second hearing orally entered judgment in favor of KLB Realty, directed The Bourne Law Office to immediately vacate the premises, but orally stayed enforcement of its judgment until 5:00 p.m. on August 30, 2024. The magistrate judge later memorialized this oral pronouncement into a written judgment signed on August 23, 2024, but not entered onto the docket and served until August 28, 2024.

¶ 3      Approximately nine hours after entry of the August 28, 2024 judgment, The Bourne Law Office filed a notice of appeal seeking review of the decision of the magistrate judge by a Superior Court judge pursuant to Superior Court Rule 322, which was docketed as Super. Ct. RV. No. 19/2024 (STT) and assigned to the Nominal Respondent.  At 11:03 p.m. on August 29, 2024, The Bourne Law Office filed an emergency motion in Super. Ct. Civ. No. 273/2024 (STT) requesting that the magistrate judge issue a stay pending the internal appeal without requiring posting of an appeal bond, largely on grounds that permitting KLB Realty to obtain a writ of execution once the

stay expired at 5:00 p.m., August 30, 2024, and regain possession of the premises would render its appeal moot pursuant to the holding of *Keating-Smith v. Mustafa*, 2024 VI 12. The magistrate judge denied the emergency motion in a September 3, 2024 order on grounds that The Bourne Law Office failed to satisfy the standard for a stay pending appeal articulated by this Court in *First American Development Group v. WestLB*, S. Ct. Civ. No. 2012-0023, 2012 WL 1526100 (V.I. Apr. 30, 2012) (unpublished).

¶ 4     On September 6, 2024, The Bourne Law Office filed a petition for writ of prohibition with this Court, docketed as *In re The Bourne Law Office*, S. Ct. Civ. No. 2024-0054 requesting that this Court enjoin the Clerk of the Superior Court from issuing a writ of restitution to effectuate the August 28, 2024 judgment.  However, in a September 13, 2024 judgment, this Court denied the petition on grounds that The Bourne Law Office failed to establish that it had no other adequate means to attain the desired relief since it failed to request a stay of the judgment from the Nominal Respondent in Super. Ct. RV. No. 19/2024 (STT).

¶ 5     The Bourne Law Office then filed an emergency motion for stay pending appeal in Super. Ct. RV. No. 19/2024 (STT) on September 16, 2024, which asserted largely the same arguments made in its motion before the Magistrate Division. Later that same day, KLB Realty filed an opposition to the emergency motion which, among other arguments, urged that the Nominal Respondent condition any stay pending appeal on the posting of a "substantial bond fully adequate to protect [its] rights during the appeal."

¶ 6     Two days later, on September 18, 2024, the Nominal Respondent issued an order that purported to grant the motion; however, the Nominal Respondent made the stay contingent on The Bourne Law Office posting a $25,950.00 supersedeas bond.  The September 18, 2024 order relied on both Rule 62(b) of the Virgin Islands Rules of Civil Procedure as well as title 28, section 788

of the Virgin Islands Code as authority for imposing a bond requirement, and arrived at the

$25,950.00 figure for the following reasons:

> The Court further finds, for the purpose of determining the amount of the supersedeas bond in 2024 and for the time the instant appeal may remain pending, that the Property occupied by Bourne rents for $900.00 per month. Using an appeal period of one (1) year for the purpose of determining an appropriate undertaking, and the past due amount of $4,350.00, Court finds that the appropriate bond will be $25,950.00 (12 months x $1800/month (twice the rental rate) + $4,350.00). Section 788 calls for the deposit of twice the rental period, which this Court finds appropriate.

However, the Superior Court provided for a temporary unconditional stay through 3:00 p.m. on

September 25, 2024, to provide The Bourne Law Office with the opportunity to post the

$25,950.00 bond.

¶ 7     The Bourne Law Office filed a motion for reconsideration of that order on September 22,

2024, alleging that the Nominal Respondent erred in relying on section 788 because this Court had

declared the statute unconstitutional in its *Keating-Smith* decision. In addition, the motion asserted

that the Nominal Respondent further erred in using a one year appeal period when Superior Court

Rule 322(c)(5) requires disposition of all internal appeals from the Magistrate Division within 90

days, and further erred in including the amount of prior unpaid rent in the bond amount given the

long-standing rule that a plaintiff in an FED action cannot recover money damages for unpaid rent.

¶ 8     When The Bourne Law Office failed to post the bond within the time set by the Nominal

Respondent, KLB Realty requested that the Clerk of the Superior Court issue a writ of restitution

to effectuate the August 28, 2024 judgment in Super. Ct. Civ. No. 273/2024 (STT), which the

Clerk did on September 27, 2024.  Later that same day, The Bourne Law Office filed the instant

petition for a writ of mandamus with this Court.  In a September 30, 2024 order, this Court

determined that it could not conclude at that time that the petition should be denied and ordered

KLB Realty, and permitted the Nominal Respondent, to file an answer by October 4, 2024. *See* V.I. R. APP. P. 13(b). In addition, this Court directed "that enforcement of the September 27, 2024 writ of restitution and the August 23, 2024 judgment" be stayed "until resolution of this mandamus proceeding or until further order of this Court" for the sole purpose of safeguarding its jurisdiction so that it could consider the mandamus petition on the merits. *See* 4 V.I.C. § 32(b).

¶ 9    Two days after this Court issued its September 30, 2024 order, the Nominal Respondent entered an October 2, 2024 order that *sua sponte* scheduled a hearing on the reconsideration motion for October 9, 2024. On October 3 and October 4, 2024, respectively, the Nominal Respondent and KLB Realty separately filed answers to the mandamus petition, to which The Bourne Law Office replied on October 6, 2024. The Nominal Respondent held its October 9, 2024 hearing as scheduled; however, at the hearing The Bourne Law Office objected on grounds that the Nominal Respondent lacked jurisdiction to modify the September 18, 2024 order due to the pendency of the mandamus proceeding in this Court. After hearing arguments from the parties, the Nominal Respondent announced that she would take the matter under advisement.

¶ 10    The Nominal Respondent subsequently issued an October 22, 2024 order that partially granted the reconsideration motion. The Nominal Respondent acknowledged that it "erred in relying on Title 28 V.I.C. § 788, in determining the appropriate amount of the supersedeas bond" and conducted a new analysis that "relies solely on Rule 62(b) of the Virgin Islands Rules of Civil Procedure as its authority for requiring a supersedeas bond." The Nominal Respondent then expressly found that The Bourne Law Office failed to make a strong showing that it is likely to succeed on the merits of its appeal, that it would suffer irreparable injury absent a stay, or that the public interest supported a stay; however, it did find that issuance of a stay would not likely injure KLB Realty because the extent of any injury from the continued loss of use of the property during

a stay pending appeal could be remedied through a monetary recovery.

¶ 11    Despite finding that three of these four factors did not favor a stay pending appeal, the Nominal Respondent nevertheless elected to grant a stay. However, after "find[ing] that the requirement of a bond is mandatory," the Nominal Respondent conditioned that stay on The Bourne Law Office posting a supersedeas bond in the amount of $10,800.00 in cash or in an undertaking with two sureties. The October 22, 2024 order stated that the Nominal Respondent considered the following three factors in determining the amount of the bond: "(1) The length of time until resolution of similar FED matters, (2) the time the instant appeal may remain pending, and (3) that the Property occupied by Bourne rents for $900.00 per month." The Nominal Respondent reasoned that one year constituted the appropriate length of time the appeal may remain pending, and thus multiplied the $900.00 monthly rent by 12 months to arrive at the $10,800.00 figure. But despite this Court issuing its September 30, 2024 order staying enforcement of the September 27, 2024 writ of restitution and the August 23, 2024 judgment until resolution of this mandamus proceeding, the Nominal Respondent's October 22, 2024 order directed The Bourne Law Office to post the $10,800.00 bond no later than 3:00 p.m. on October 28, 2024, or else the stay would automatically expire.

¶ 12    The October 22, 2024 order did not address The Bourne Law Office's argument that the Nominal Respondent lacked jurisdiction to modify the September 18, 2024 order. On October 23, 2024, The Bourne Law Office filed a motion with this Court requesting that we vacate the Nominal Respondent's October 22, 2024 order as having been issued without jurisdiction.

## II. JURISDICTION

¶ 13    This Court has jurisdiction over original proceedings for mandamus pursuant to title 4, section 32(b) of the Virgin Islands Code. The Bourne Law Office asserts that the Nominal

Respondent lacked jurisdiction to issue its October 22, 2024 order to modify the September 18, 2024 order after it invoked this Court's mandamus jurisdiction when it filed its petition on September 27, 2024, and that in any event the Nominal Respondent lacked the authority to seemingly supersede the portion of this Court's September 30, 2024 order that stayed enforcement of the September 27, 2024 writ of restitution and the August 23, 2024 judgment until resolution of this mandamus proceeding.

¶ 14     We disagree that the Nominal Respondent lacked jurisdiction to modify the September 18, 2024 order.  This Court has previously recognized the general principle that "the Superior Court lacks jurisdiction to . . . make substantive changes to an order that has been appealed to the Supreme Court." *Martinez v. Stridiron*, S. Ct. Civ. No. 2011-0014, 2011 WL 1483260, *4 (V.I. Mar. 22, 2011) (unpublished). But the filing of a petition for a writ of mandamus does not have the same legal effect as the filing of a notice of appeal, in that a mandamus petition invokes the original jurisdiction of this Court rather than its appellate jurisdiction—in other words, a mandamus petition directed against a judge creates a wholly new civil action in which that judge is effectively the defendant.  *See In re Morton*, 56 V.I. 313, 322 (V.I. 2012); *In re Fleming*, S. Ct. Civ. No. 2011–0109, 2012 WL 917315, at *4 (V.I. Mar. 15, 2012). As such, the general rule that the Superior Court may not modify an order after the filing of a valid notice of appeal does not extend to the filing of a mandamus petition as of right, unless this Court expressly orders a stay of the Superior Court proceedings pending adjudication of the mandamus petition. *See, e.g., In re People of the V.I.*, 51 V.I. 374, 381 (V.I. 2009).

¶ 15     Nevertheless, while we conclude that the Nominal Respondent possessed jurisdiction to modify its September 18, 2024 order, she exceeded its authority by doing so in a manner that conflicts with the terms of the September 30, 2024 order issued by this Court.  The September 30,

2024 order clearly and unequivocally directed "that enforcement of the September 27, 2024 writ of restitution and the August 23, 2024 judgment" be stayed "until resolution of this mandamus proceeding or until further order of this Court." As such, while the Nominal Respondent could modify the September 18, 2024 order to change the rationale employed and to decrease the amount of the supersedeas bond, she lacks the authority to permit KLB Realty to execute its writ of restitution if The Bourne Law Office does not post the reduced bond by 3:00 p.m. on October 28, 2024, when the temporary stay granted by this Court in its September 30, 2024 order remains in effect. Thus, we grant The Bourne Law Office's motion to vacate in part only with respect to the portion of the October 22, 2024 order that purports to permit execution prior to expiration of the stay issued by this Court.

### III. DISCUSSION

¶ 16    "[A] writ of mandamus is a drastic remedy which should be granted only in extraordinary circumstances." *In re Morton*, 56 V.I. 313, 319 (V.I. 2012). "To obtain a writ of mandamus, [the petitioner] must establish that his right to the writ is clear and indisputable and that he has no other adequate means to attain the desired relief." *In re Fleming*, 56 V.I. 460, 464 (V.I. 2012). But "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Moorhead v. Mapp,* 62 V.I. 595, 600 (V.I. 2015) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004)). We consider each factor in turn.

### A. Absence of Other Adequate Means

¶ 17    We agree that The Bourne Law Office lacks any other adequate means to attain the desired relief. Although this Court denied its prior petition for writ of prohibition for failing to request a stay from the Nominal Respondent in Super. Ct. RV. No. 19/2024 (STT), the record clearly reflects

that The Bourne Law Office filed an emergency motion requesting a stay pending appeal on September 16, 2024, which the Nominal Respondent denied on September 18, 2024. Moreover, The Bourne Law Office filed a motion for reconsideration of the September 18, 2024 order on September 22, 2024, seeking reconsideration based on the same substantive legal arguments made in the instant mandamus petition. While the Nominal Respondent subsequently modified certain aspects of the September 18, 2024 order, the October 22, 2024 order granting reconsideration does not grant the full relief The Bourne Law Office sought in its mandamus petition. And, most importantly, The Bourne Law Office cannot assert its claims in an appeal to this Court after conclusion of Super. Ct. RV. No. 19/2024 (STT), since the matter would become moot if the writ of execution was enforced and The Bourne Law Office was vacated from the premises. *See Keating-Smith*, 2024 VI 12 ¶¶ 16-18 (holding that actual reclamation of the premises by the landlord moots an appeal from an FED judgment since a court cannot order the restoration of the tenant to possession of the premises even if the FED judgment were reversed). Therefore, The Bourne Law Office satisfies the first prerequisite to attaining mandamus relief.

## B. A Clear and Indisputable Right to the Writ

¶ 18    Whether The Bourne Law Office possesses a clear and indisputable right poses a more difficult question. "A party possesses a clear and indisputable right when the relief sought constitutes a specific, ministerial act, devoid of the exercise of judgment or discretion." *In re People of the V.I.*, 51 V.I. 374, 387 (V.I. 2009) (internal quotation marks and citations omitted). In its mandamus petition, The Bourne Law Office repeats the legal arguments made in the various motions it filed in the Superior Court, and essentially argues that the Nominal Respondent failed to correctly apply the law. As this Court previously recognized, judges certainly owe a ministerial duty to litigants to issue legally correct rulings. *See In re Morton*, 56 V.I. 313, 319 (V.I. 2012).

However, when "the purported ministerial duty is a judge's duty to issue legally-correct rulings, mandamus is only appropriate to correct judicial action that is clearly contrary to well-settled law—specifically, decisions that ignore clear, binding precedent from a court of superior jurisdiction." *In re People*, 51 V.I. at 387. But correction of a purported violation of a judge's ministerial duty to correctly apply the law must necessarily be greatly circumscribed so as to not render mandamus a mere substitute for an appeal: for the writ to issue in such circumstances, there must effectively be no doubt with respect to what the law requires or prohibits the Nominal Respondent from doing. *See In re Christopher*, 77 V.I. 648, 657 (V.I. 2023) (declining to issue writ of mandamus based on failure of the Superior Court to apply a "clear" statute when there were "serious concerns about whether the statutory right is constitutional or otherwise valid," even when statute had not yet been declared unconstitutional by any court).

¶ 19      The Bourne Law Office alleges in its petition that actions taken by the Nominal Respondent in the September 18, 2024 order meet this extraordinarily high standard. In its petition, it argues that the Nominal Respondent acted contrary to clear, binding precedent by (1) applying a statute, 28 V.I.C. § 788, that this Court held unconstitutional; (2) imposing a monetary bond requirement in a case where money judgments are not allowed; and (3) even if a monetary bond is permitted, used impermissible or irrational considerations to determine the amount.

¶ 20      We agree that the reasoning employed in the September 18, 2024 order certainly constitutes a breach of this duty. *In Keating-Smith*, this Court held that section 788 was unconstitutional and unenforceable for the following reasons:

> As the United States District Court of the Virgin Islands correctly recognized in *St. Croix Hotel Corp. v. Assoc. of St. Croix Condo. Owners*, 18 V.I. 591 (D.V.I. 1981), the Supreme Court of the United States determined that a word-for-word identical provision in Oregon's FED statute was facially unconstitutional in violation of the Due Process Clause of the Fourteenth Amendment. *See Lindsey v. Normet*, 405

U.S. 56, 74-79 (1972). We agree with the District Court that there is absolutely no way to distinguish section 788 from the Oregon statute declared unconstitutional, and that therefore neither this Court nor the Superior Court are authorized to dismiss an appeal from an FED judgment simply because a defendant failed to comply with section 788. *See Webster v. People*, 60 V.I. 666, 677-78 (V.I. 2014) (holding it "plain" that an unconstitutional statute cannot be enforced) (collecting cases).

2024 VI 12 ¶ 10.[1] Despite our clear holding, in its September 18, 2024 order the Nominal Respondent found "that the requirement of a bond is mandatory" and, after quoting section 788 in its entirety, further found that "[t]he language of Section 788 is mandatory" and, in calculating the amount of the bond, determined that "[s]ection 788 calls for the deposit of twice the rental period, which this Court finds appropriate," and thus used double the monthly rent amount when calculating the amount of the bond. Moreover, the Nominal Respondent then increased the bond by an additional $4,350.00 to account for the amount of past due rent The Bourne Law Office was found to owe to KLB Realty – a plainly impermissible factor since the only apparent purpose served by that requirement is to compensate KLB Realty for harms incurred prior to initialization of the FED action, as opposed to providing security to mitigate a future harm associated with a stay of execution pending appeal.

¶ 21    But while we agree that the Nominal Respondent breached the ministerial duty to correctly apply the law in the September 18, 2024 order by relying on a statute this Court had already held unconstitutional, the Nominal Respondent ultimately cured those particular defects by issuing its

---

[1] In its answer, KLB Realty contends that this Court did not declare all of section 788 constitutional, but rather only nullified the requirement that no appeal can ever be taken unless the defendant posts a bond for twice the rental value of the property. Specifically, KLB Realty argues that the part of section 788 stating that the now-unconstitutional bond requirement shall be "in addition to any undertaking otherwise required by law upon appeal" remains valid. However, we made no such distinction in *Keating-Smith*, and we fail to see how the language KLB Realty quotes could be sufficiently severed from the rest of section 788 so as to remain a functionally independent statute in its own right. *See Alaska Airlines Inc. v. Brock*, 480 U.S. 678, 683 (1987).

October 22, 2024 order. The Nominal Respondent openly acknowledges in the October 22, 2024 order that she erred when she relied on section 788, that Civil Rule 62(b) constitutes the applicable legal authority, and the amount of the supersedeas bond was lowered from $25,950.00 to $10,800.00, reflecting that she lowered the bond requirement not just to the eliminate the double rent multiplier but to also remove the $4,350.00 that had been added to seemingly compensate KLB Realty for past due rent predating the appeal. Because many of the legal errors that The Bourne Law Office identifies in its petition have since been self-corrected by the Nominal Respondent, those past mistakes cannot form the basis for mandamus relief. *See In re Christopher*, 77 V.I. 648 (V.I. 2023) ("[O]ur inquiry is not whether [the petitioner] possessed a clear and indisputable right a year ago, but whether he does so as things stand <u>today</u>.") (emphasis in original); *In re Crystal Power Co., Ltd.*, 641 F.3d 82, 85 n.9 (5th Cir. 2011) ("[P]ast delays, without more, do not speak to any present hardship [the petitioner] now faces if deprived of mandamus review.").

¶ 22     Therefore, for The Bourne Law Office to satisfy its burden of proving a breach of the ministerial duty to correctly apply the law, this Court must be satisfied that the breach remains ongoing; in other words, we must determine whether the Nominal Respondent, even after issuing the October 22, 2024 order, has still taken "judicial action that is clearly contrary to well-settled law." *In re People*, 51 V.I. at 387. To do so, we must analyze the claims that The Bourne Law Office made in its petition that the Nominal Respondent implicitly or expressly rejected in the October 22, 2024 order.

¶ 23     In its filings, The Bourne Law Office asserts that the Nominal Respondent clearly ignored the law by imposing *any* bond requirement as a condition of receiving a stay pending appeal. While it acknowledges in its reply that Civil Rule 62(b) permits the Superior Court to order a monetary bond, it contends that Civil Rule 62(b) cannot apply to an FED action because "in an FED action,

a plaintiff cannot obtain a money judgment, therefore, without statutory authority, a judge has no basis on which to impose a supersedeas bond." (Reply 3.)

¶ 24     We disagree. The FED statute prescribes that "[e]xcept as provided in this chapter and the rules of court, an action for forcible entry and detainer shall be conducted in the same manner as other civil actions." 28 V.I.C. § 784. In a typical, non-FED civil action the "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." V.I. R. Civ. P. 54(b).  However, Superior Court Rule 37 establishes a different rule in FED actions, providing, in its entirety, as follows:

> Summary proceedings between landlord and tenant for the recovery of possession of premises and for forcible entry and detainer which are brought under the provisions of 28 V.I.C. § 781 et seq. shall not be joined with any other cause of action; nor shall a defendant, in any such proceeding, be permitted to file a counterclaim or third-party complaint, although the defendant is permitted to raise any defenses he may have to the plaintiff's cause.

Super. Ct. R. 37.

¶ 25     We conclude that there is nothing in Superior Court Rule 37 that is in any way inconsistent with application of Civil Rule 62(b) to FED actions. When interpreting court rules, both this Court and the Superior Court must "apply the rules of statutory construction and look at the language of the rule to determine its meaning, which entails giving words their plain, ordinary and commonly understood meaning and construing the rule as a whole." *In re Plaskett*, 56 V.I. 441, 447 (V.I. 2012) (internal citations, ellipses, and quotation marks omitted). The plain text of Superior Court Rule 37 provides that an FED proceeding "shall not be joined with any other cause of action."  As we previously recognized, a "cause of action" means "[a] group of operative facts giving rise to one or more bases <u>for suing</u>." *Kalloo v. Estate of Small*, 62 V.I. 571, 580-81 (V.I. 2015) (quoting Black's Law Dictionary 251 (9th ed. 2009).

¶ 26    As a threshold matter, it is not clear to us how Superior Court Rule 37 could prohibit KLB Realty from requesting that The Bourne Law Office post a supersedeas bond as a condition for a stay pending appeal but at the same time not prohibit The Bourne Law Office from moving for a stay in the first place. Yet ultimately it does not matter, since it is patently obvious that The Bourne Law Office's motions for an unconditional stay pending appeal, as well as KLB Realty's filings requesting that no stay be granted unless conditioned on a substantial bond, are not independent causes of action but merely incidental to the underlying FED cause of action, in the same manner as other collateral matters like taxation of costs or monetary sanctions for contempt or other misconduct. *See, e.g., Los Campeones, Inc. v. Valley Int'l Properties, Inc.*, 591 S.W.2d 312, 314 (Tex. App. 1979) ("[I]t must be remembered that a supersedeas bond or a cash deposit in lieu of a supersedeas bond given by an appellant is a mere incident to the cause of action. . . .").

¶ 27    Likewise, legitimate reasons exist for imposing a monetary bond as a condition for the stay of a non-monetary judgment pending appeal. In its reply, The Bourne Law Office states that the language in Civil Rule 62(b) stating that "a party may obtain a stay by providing a bond or other security" necessarily "raises the question: security for what?" (Reply. 1.) But the security provided by a bond is clear: the purpose is to provide "security of the judgment to which a prevailing party is entitled in the event that an appellant does not succeed on appeal," which includes "damages incurred as a result of the suspension of execution of the court's decree." *Tauber v. Commonwealth ex rel. Kilgore*, 562 S.E.2d 118, 132 (Va. 2002). A plaintiff who prevailed in an FED action bears substantial costs when a defendant both appeals the judgment and seeks a stay. In addition to incurring attorneys' fees and other expenses associated with the appeal itself, the plaintiff—who we emphasize has at this point been adjudicated by the court as *actually* being entitled to possession of the subject property—may suffer continuing damages that at this point stem not just

from the facts that gave rise to the FED action but the discretionary decision of the court to stay enforcement of its own judgment. The types of damages a plaintiff may incur from a stay necessarily depends on the facts of each particular case; after all, a plaintiff who seeks to evict a defendant for non-payment of rent who desires to rent the property to another tenant stands in a different position than a plaintiff who initiates an FED action to remove a defendant that has always paid rent in full on time but who the defendant seeks to evict so that the plaintiff can personally occupy the property or rent or sell it to a third-party.

¶ 28    This interpretation is consistent with the policy concerns that led to the adoption of Superior Court Rule 37 in the first place.  As we previously recognized, the judicially created ban on joining an FED action with other causes of action serves two purposes: preventing litigation of additional issues that delay final resolution of what is supposed to be a speedy process, and ensuring that the FED proceeding does not run afoul of the Seventh Amendment to the United States Constitution by allowing for the recovery of money damages without a jury trial. *Keating-Smith*, 2024 VI 12 ¶¶ 37-38. Yet none of these concerns would warrant precluding the Superior Court from ordering a stay pending appeal conditioned on posting of a supersedeas bond under Civil Rule 62(b).  A controversy as to whether the Superior Court should order the stay of a FED judgment pending appeal necessarily requires the existence of an FED judgment; as such, litigation of the stay issue cannot delay entry of judgment and would not even delay enforcement of judgment unless the Superior Court takes proactive action to order a stay after considering the parties' filings. On the contrary, the construction proposed by The Bourne Law Office—unconditional stays as of right of all FED judgments on appeal, presumably not just the internal appeal authorized by Superior Court Rule 322 but also an appeal to this Court and even the Supreme Court of the United States—would directly frustrate the purposes of the FED statute by

permitting defendants who have already been adjudicated as unlawfully holding a property, to continue to occupy that property for months or even years without having to pay rent or other compensation while simultaneously forcing the plaintiff to incur additional costs in defending the judgment on appeal. And while a party who prevails on appeal may obtain a monetary recovery from a supersedeas bond to reimburse it for attorneys' fees and other reasonable costs associated with the appeal,[2] it is well-established that this is an equitable remedy to which the Seventh Amendment right to a jury trial does not attach.[3] *See, e.g., Paramount Communications, Inc. v. Horsehead Indus., Inc.*, 731 N.Y.S.2d 433, 434 (N.Y. App. Div. 2001) ("[T]here is no right to a

---

[2] We recognize that the United States Court of Appeals for the Third Circuit, sitting as the *de facto* court of last resort for the Virgin Islands before the creation of this Court, determined that attorneys' fees were not recoverable under title 5, section 541 of the Virgin Islands Code for the "simple summary proceeding" provided for in the FED statute. *See C.M.L., Inc. v. Dungan*, 904 F.2d 189, 190-91 (3d Cir. 1990). In *C.M.L.*, the Third Circuit reasoned that section 541 did not apply because the FED statute provided that the "total court fees and costs for the summary proceedings provided for in this chapter shall be $2.00," 28 V.I.C. § 794, which it applied as the more specific costs statute.

   While the construction adopted by the Third Circuit in *C.M.L.* is not binding on this Court, it is binding on the Superior Court until and unless this Court adopts a different rule in an appropriate future case. *See In re People*, 51 V.I. at 389 n.9. However, we emphasize that the matter before the Nominal Respondent does not involve assessment of attorneys' fees pursuant to a fee-shifting statute for procuring the FED judgment in the Magistrate Division, but rather determining the funds necessary for the prevailing plaintiff to defend against the defendant's appeal so as to determine the amount of an appropriate supersedeas bond. Importantly, the proceeding docketed as Super. Ct. RV. No. 19/2024 (STT) is not a "summary proceeding[]" provided for in" the FED statute but rather is a separately-docketed appellate proceeding specifically authorized by title 4, section 125 of the Virgin Islands Code as well as Superior Court Rule 322.

[3] In its reply, The Bourne Law Office states that the language in Civil Rule 62(b) stating that "a party may obtain a stay by providing a bond or other security" necessarily "raises the question: security for what?" (Reply. 1.) The security provided by a supersedeas bond is clear: the purpose is to provide "security of the judgment to which a prevailing party is entitled in the event that an appellant does not succeed on appeal," which includes "damages incurred as a result of the suspension of execution of the court's decree." *Tauber v. Commonwealth ex rel. Kilgore*, 562 S.E.2d 118, 132 (Va. 2002).

jury trial" since "[t]he amount of, if not the right to, attorneys' fees raises post-judgment issues collateral to the merits in the nature of an accounting that are essentially equitable in nature."); *Echols v. Housing Authority of Auburn*, 377 So. 2d 952 (Ala. 1979) (denying a writ of mandamus challenging a supersedeas bond requirement on jury right grounds); *Maryland Nat'l Ins. Co. v. District Ct.*, 455 P.2d 690, 695 (Okla. 1969) (holding no Seventh Amendment jury trial right in proceeding to forfeit a bail bond). Thus, we find no legitimate reason to construe Superior Court Rule 37 as nullifying the application of Civil Rule 62(b) in FED actions and conclude that the Nominal Respondent possesses the discretion to condition a stay pending appeal on posting of a supersedeas bond.[4]

¶ 29    The Bourne Law Office's final contention is that even if the Nominal Respondent possessed the authority to order a supersedeas bond as a condition of a stay pending appeal, she nevertheless still breached the ministerial duty to follow the law in this case by "setting a monetary supersedeas bond in an amount that had no rational relationship to any recoverable loss by [KLM Realty]." We agree with The Bourne Law Office that the earlier September 18, 2024 order had considered irrelevant or otherwise impermissible factors in determining the amount of the supersedeas bond, such as by employing a doubling multiplier and adding on the amount of past

---

[4] The Bourne Law Office emphasizes in its petition that, per the holding of *Keating-Smith*, its appeal of the FED judgment will become moot if it cannot post a supersedeas bond and the writ of execution issued by the Clerk of the Superior Court is enforced. However, we do not view this as a compelling reason to exempt FED appeals from the provisions of Civil Rule 62(b) or to otherwise prohibit conditional stays in such matters. While an FED appeal may become moot if the plaintiff succeeds in removing the defendant from the property during the pendency of the appeal due to the absence of a stay, this is not a concern unique only to FED appeals but inherent to most appeals that involve exclusively non-monetary forms of relief. Importantly, the four-factor test adopted by this Court to determine whether to grant a stay pending appeal requires consideration of whether the movant will suffer irreparable injury absent a stay. *See First American Development Group*, 2012 WL 1526100, at *4.

due rent. But since the October 22, 2024 order did not rely on those factors, we must consider whether the factors that the Nominal Respondent *now* relies on are so obviously impermissible so as to constitute a breach of the ministerial duty to correctly apply the law.

¶ 30    We conclude that it does. In both the petition filed in this Court and the motion for reconsideration filed in the Superior Court, The Bourne Law Office argued that calculating the amount of the supersedeas bond based on a one-year period is entirely irrational given that Superior Court Rule 322 imposes a mandatory, non-discretionary duty for a judge to adjudicate an appeal from a magistrate judge's decision "within 90 days of the filing of the notice of appeal." SUPER. CT. R. 322(c)(5).  Although this Court has not yet had the opportunity to issue an opinion applying this 90-day rule, it is well-established that a judge breaches the ministerial duty to correctly apply the law when he or she fails to follow a valid statute or court rule that clearly establishes a right. *See Christopher*, 77 V.I. at 656.  Yet while Superior Court Rule 322 expressly and unequivocally requires that the Nominal Respondent fully resolve The Bourne Law Office's appeal "within 90 days of the filing of the notice of appeal," the Nominal Respondent still calculated the supersedeas bond amount based on finding that the appeal would take one year to adjudicate. To the extent the Nominal Respondent arrived at the one-year period by considering the time associated with a hypothetical future appeal to this Court, this too would have been improper given that The Bourne Law Office's motion requested only a stay "pending resolution of this appeal" and the general principle that requests for a stay pending an appeal to a higher court should ordinarily be denied as premature until an appeal to that higher court is actually taken.  *See, e.g., United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus., AFL-CIO v. Thornburgh*, Civ. A. No. 90-2342, 1991 WL 171463, at \*1 (D.D.C. Aug. 21, 1991) (unpublished). Consequently, while we agree that the Nominal Respondent possesses the discretion to impose a monetary bond as a

condition of a stay pending appeal in an FED action, we conclude that in this particular case the

Nominal Respondent still breached the ministerial duty of rendering a legally correct decision by

calculating the amount of the supersedeas bond based on a time period that greatly exceeds the

mandatory 90-day adjudication period.[5]

### C. Public Interest

¶ 31    Finally, we conclude that issuance of a writ of mandamus is appropriate under the

circumstances.  "To determine whether a writ of mandamus is appropriate under the circumstances,

we consider factors including, but not limited to, the public interest, the importance or

unimportance of the question presented, and equity and justice." *In re People*, 51 V.I. at 393

(collecting cases). In addition to "the general principle that it is in the public interest for the courts

to follow [the] law," *Engeman v. Engeman*, S. Ct. Civ. No. 2015-0023, 2015 WL 4055472, at *3

(V.I. July 2, 2015) (unpublished) (citing *In re Elliot*, 54 V.I. 423, 432 (V.I. 2010)), issuance of a

writ of mandamus under such circumstances will promote confidence in the efficacy of the FED

---

[5] In addition to failing to apply the 90-day adjudication period set forth in Superior Court Rule 322(c)(5), the Nominal Respondent may have also failed to consider other important factors in determining the amount of the supersedeas bond.  For instance, the Nominal Respondent seemingly did not consider the reasonable attorneys' fees and other expenses that KLB Realty would likely need to spend to defend the judgment on appeal, as well as the fact that, per our holding in *Keating-Smith*, the inability of The Bourne Law Office to obtain a stay pending appeal may result in dismissal of its appeal.

As noted above, when reviewing a judge's compliance with the law in a mandamus proceeding, we do not apply the same standards of review that we apply in appeals; rather, we will issue the writ only where the judge has not simply misapplied the law but made an error that is so obvious that it becomes clear and indisputable. In other words, erroneous factual findings or the misapplication of a properly stated rule of law will not rise to the level necessary to warrant mandamus relief.  But while the failure to consider these other factors—standing alone—might not constitute "judicial action that is clearly contrary to well-settled law," *In re People*, 51 V.I. at 387, we nevertheless make note of them so that the Superior Court may properly consider those factors on remand when determining the appropriate amount for a supersedeas bond.

*In re The Bourne Law Office*            2024 VI 31
S. Ct. Civ. No. 2024-0092
Opinion of the Court
Page 20 of 21

system, where courts must—often quickly—carefully balance the property rights of a plaintiff with the due process rights of a defendant. Consequently, granting mandamus relief in this case would not simply further the private interests of The Bourne Law Office, but would "assist[ ] in the administration of justice." *Elliot*, 54 V.I. at 432.

### III. CONCLUSION

¶ 32      We find that The Bourne Law Office lacks an adequate alternate means of obtaining redress other than a writ of mandamus, and that the public interest supports issuance of the writ. We further find that it has established a clear and indisputable right for the Nominal Respondent to issue a legally correct ruling. While we disagree with The Bourne Law Office that the Nominal Respondent lacks the authority to condition a stay pending appeal on the posting of a supersedeas bond, we nevertheless agree that the Nominal Respondent breached this ministerial duty in this case by determining the amount of the bond in a manner inconsistent with the 90-day adjudication limitation codified in Superior Court Rule 322(c)(5). Thus, while we deny the petition to the extent it requests that we mandate the Nominal Respondent to issue a stay pending appeal not conditioned on the posting of a supersedeas bond or other security, we grant the petition with respect to this narrower relief. Accordingly, this Court shall issue a writ of mandamus vacating the portion of the October 22, 2024 order conditioning a stay pending appeal on the posting of a $10,800.00 supersedeas bond, and direct the Nominal Respondent to determine the proper amount of the supersedeas bond on an expedited basis and in accordance with the proper legal standard. We emphasize that any supersedeas bond ordered by the Nominal Respondent must recognize that the appeal must be adjudicated within 90 days of the date The Bourne Law Office filed its notice of appeal, and cannot exceed the amount of money needed to compensate KLB Realty for expenses and other harm that it is likely to incur from defending the appeal and being unable to reclaim its

property while that appeal is pending.

**Dated this 12th day of November, 2024.**

**ATTEST:**

**VERONIA J. HANDY, ESQ.**
**Clerk of the Court**


**By: /s/ Reisha Corneiro**
        **Deputy Clerk II**

**Dated: November 12, 2024**