**Kalamata Capital Group, LLC v Colorado Trailers, Inc.**

2025 NY Slip Op 31502(U)

April 28, 2025

Supreme Court, Erie County

Docket Number: Index No. 800182/2025

Judge: Deborah A. Chimes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

_____

KALAMATA CAPITAL GROUP, LLC,

                    Plaintiff,

                                         DECISION

v.                                   Index No. 800182/2025

COLORADO TRAILERS, INC. d/b/a COLORADO TRAILERS,
COLORADO TRAILERS, INC,
COLORADO TRAILERS, INC.,
COLORADO TRAILERS, LLC,
JULIA MARIE WEST,

                           Defendants.

_____

Plaintiff, Kalamata Capital Group, LLC, moved for summary judgement against defendants, Colorado Trailers, Inc. d/b/a Colorado Trailers, Colorado Trailers Inc., Colorado Trailers LLC and Julia Marie West, in the amount of $119,503.00, plus prejudgment interest at 9 percent from the date of the defendants' breach to the date of entry of judgment, post-judgment interest from the date of entry until paid, along with costs, disbursements, attorneys' fees, (NYSCEF motion 1). Defendants opposed the motion.

This breach of contract action is based on defendants' default pursuant to a Revenue Purchase Agreement (RPA). The parties entered into the RPA on March 22, 2024. Plaintiff purchased $260,000.00 of defendants' future receivables for $200,000.00 minus fees. Defendant, Julia Marie West, signed the RPA as guarantor. Pursuant to the RPA, defendants were to remit $4,334.00 per week, subject to reconciliation and adjustment until the purchased amount was fully remitted. Defendants stopped remitting payments on or about December 27, 2024. To date, defendants remitted $166,425.60 of the receivables purchased by plaintiff. According to plaintiff, the unremitted purchased amount owed pursuant to the RPA is $93,574.40. Plaintiff

[* 1]

additionally requests an award of attorney's fees in the amount of $23,393.60; a default fee in the amount of $2,500 and NSF Fees (non-sufficient funds) in the amount of $35.00; for a total judgement of $119,503.00.

"To obtain summary judgment it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor, and he must do so by tender of evidentiary proof in admissible form. On the other hand, to defeat a motion for summary judgment the opposing party must 'show facts sufficient to require a trial of any issue of fact'" (*Zuckerman v New York*, 49 N.Y.2d 557, 562 [1980] citing to CPLR 3212(b)).

Here, plaintiff met its burden on summary judgement by submitting the RPA and a transaction history.

In opposition to the motion, defendants argue that discovery is necessary to determine whether the agreement between the parties constitutes a loan subject to the laws of usury, rather than an agreement to purchase future receivables. To determine whether a purchase agreement is in fact a usurious loan and therefore void, a court must examine whether the plaintiff "is absolutely entitled to repayment under all circumstances" (*LG Funding, LLC v United Senior Props. of Olathe, LLC,* 181 A.D.3d 664, 665 [2nd Dept. 2020]). Courts usually weigh "three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*Id.* at 666); *see also Crystal Springs Capital, Inc. v Big Thicket Coin, LLC*, 220 A.D.3d 745, 746-7 [2nd Dept. 2023]). The agreement at issue here contains a reconciliation provision; does not have a finite term; and indicates that filing for bankruptcy is not a breach of the agreement or an event of default. "[A]

[* 2]

written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*MHR Capital Partners LP v Presstek, Inc.*, 12 N.Y.3d 640, 645 [2009]).  The RPA is unambiguously an agreement to purchase future receivables and not a loan.  Defendants therefore failed to establish that "fact essential to justify opposition may exist" but cannot be stated (CPLR 3212(f)).

Defendants also argue that the RPA is unconscionable.  "[A]n unconscionable contract has been defined as one which is so grossly unreasonable as to be unenforceable because of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party" (*King v Fox*, 7 N.Y.3d 181, 191 2006]).  "A determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made" (*RTT Holdings, LLC v Nacht*, 206 A.D.3d 836, 841 [2nd Dept. 2022]).  "[A]bsent any aggravating factors which indicate an inequity in bargaining power, price alone will not support a finding of substantive unconscionability" (*Wachovia Sec., LLC v Joseph*, 56 A.D.3d 269, 270 1st Dept. 2008]).  Here, defendants fail to establish that "they were coerced in any way" into agreeing to the RPA. (*Id.*).

Last, defendants argue that there should be a hearing to determine the reasonableness of plaintiff's attorney's fees.  Section 3.5 of the RPA entitled "Costs" states that:

> Seller shall pay to purchaser all reasonable costs associated with (a) an Event or Default. (b) breach by Sleer of the representations, warranties or covenants in this Agreement and the enforcement thereof, and (c) the enforcement of Purchaser's remedies set forth in this Agreement, including but not limited to attorney's fees and costs of collection in the amount of 25% of the Purchased amount then outstanding under this Agreement.

[* 3]

"[W]hen a contract provides for an award of attorneys' fees, there is no right to a jury trial on the issue of the reasonable value of such fees" (*Paramount Communs. Inc. v Horsehead Indus.*, 287 A.D.2d 345, 346 [1st Dept. 2001]). Here, defendants not only agreed to the percentage of attorney's fees owed in the event of a default by virtue of entering into the RPA, but there is no right to a hearing on the issue as the amount of fees requested ($23,393.60) is 25% of the amount owed by defendants pursuant to the terms of the RPA.

For the reasons stated, plaintiff's motion for summary judgement is granted. Counsel for plaintiff is to prepare and submit an Order on approval of counsel for defendants. The Order shall refer to and attach the Court's Decision and be submitted in 30 days.

DATED: April 28 2025
         Buffalo, New York

_____
         Hon. Deborah A. Chimes, J.S.C.