IN THE SUPREME COURT
OF THE VIRGIN ISLANDS
**FILED**
August 26, 2025 10:34 AM
SCT-Civ-2025-0012
DALILA E. PATTON, ESQUIRE
ACTING CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| IN RE SIXTEEN PLUS CORPORATION, AND HISHAM HAMED, INDIVIDUALLY AS WELL AS DERIVATIVELY ON BEHALF OF SIXTEEN PLUS CORPORATION, <br> Petitioners. | ) ) ) ) ) ) ) |

**S. Ct. Civ. No. 2025-0012**
Re: Super. Ct. Civ. No. 65/2016 (STX)

On Petition for Writ of Prohibition

Considered and Filed: August 26, 2025

Cite as: 2025 VI 17

BEFORE: **RHYS S. HODGE,** Chief Justice**; MARIA M. CABRET,** Associate Justice; **IVE ARLINGTON SWAN**, Associate Justice

APPEARANCES:

**Joel Holt, Esq.**
Law Office of Joel H. Holt
St. Croix, U.S.V.I.
 *Attorney for Petitioners*

## OPINION OF THE COURT

**PER CURIAM.**

¶ 1   **THIS MATTER** is before the Court on a petition for a writ of prohibition, in which the petitioners, Sixteen Plus Corporation and Hisham Hamed, individually as well as derivatively on behalf of Sixteen Plus Corporation (hereinafter collectively referred to as "SPC") request that the Court prohibit the Nominal Respondent—the Special Master appointed by the trial judge to oversee all pretrial matters in the consolidated cases *SPC v. Manal Yousef*, SX-2016-CV-00065, *Hamed v. Yusuf, et al,* SX-2016-CV-00650, and *Manal Yousef v. Sixteen Plus Corporation*, SX-

2025 VI 17

*In re Sixteen Plus Corp., et al.*
S. Ct. Civ. No. 2025-0012
Opinion of the Court
Page 2 of 8

2017-CV-00342—from "hear[ing] either the Rule 12 or Rule 56 motions" in these consolidated cases. *Petition* at 6.

## I.      FACTUAL AND PROCEDURAL BACKGROUND[1]

¶ 2      The three consolidated cases at the core of this petition arise from long-standing disputes concerning ownership, financial arrangements, and alleged misconduct with respect to certain real property. *See Exhibits* at 3, n.1, 4-5, 62-68.  The trial judge—who is not a party to this petition—consolidated these three cases pursuant TO V.I.R.CIV.P. 42(a), citing common questions of law and fact. The trial judge subsequently appointed the Nominal Respondent, the Honorable Edgar D. Ross, as Special Master on August 10, 2023. *See Exhibits* at 2-8 (Ex. 1). In doing so, the court applied V.I.R. CIV. P.  53(a)(1)(C),[2] reasoning that pretrial matters in these consolidated cases—including motions addressing procedural compliance, discovery disputes, and scheduling orders—required detailed oversight that could not be adequately provided by an available judge or magistrate judge. *Exhibits* at 3. Specifically, the judge stated:

> In this instance, given Hisham Hamed's allegations in his complaint in (650) and [SPC's] allegations in its counterclaim and third-party compliant in [342], that the funds from the Hamed-Yusuf Partnership were used to purchase a 300 plus acre parcel of land on the south [shore] of St. Croix (hereinafter "Land") and that the essence of these consolidated cases concern the ownership of the Land, the Court finds that it would be advantageous to appoint the Honorable Edgar D. Ross to serve as the special master here.
>
> . . . .

---

[1] This section is based on the Petition, Exhibit 1 (the Order appointing the Special Master), Exhibit 4 (the opening Order of the Special Master) and Exhibit 9 (the Notice the Court, including the e-mail exchanges between the parties and the Special Master).  These Exhibits are collectively cited as "*Exhibits*" with the page numbers provided by the petitioners.

[2] Rule 53 governs the appointment of "Masters."  Since the trial judge used the title "Special Master," we will do so as well.

*In re Sixteen Plus Corp., et al.*
S. Ct. Civ. No. 2025-0012
Opinion of the Court
Page 3 of 8

> [T]he Honorable Edgar D. Ross, who is currently serving as the special master in other cases dealing with the Yusuf families and the Hamed families to direct and oversee the winding up of the Hamed/Yusuf Partnership – Hamed v. Yusuf SX-2023-CV-00370; Hamed v. United Corporation, SX-2014-CV-00287; Hamed v. Yusuf, SX-2014-CV-00278 (hereinafter "370 Cases") – already has knowledge and familiarity with the intertwined history of the Yusuf and Hamed families and their business endeavors. *The Court believes that appointing the Honorable Edgar D. Ross to serve as the special master would help the Court to effectively and timely address the pretrial matters, and also decrease the likelihood of inconsistent findings and rulings, which could potentially cause significant disruptions and delays down the road.*

*Exhibits* at 5 (emphasis added).

¶ 3    The dispute leading to this petition appears to have begun on or about February 11, 2025, when the Nominal Respondent's law clerk sent an email to the  parties requesting hard copies of "all filings from December 2024 to present." *Exhibits* at 114 (Exhibit 9).   In response, SPC's counsel stated that the Nominal Respondent did not have jurisdiction to consider a fully briefed motion and cross motion for summary judgment pursuant to Rule 56. *Id.* at 113. In response, the law clerk stated that "[t]he Special Master will make report/recommendations … to the Court. Under Rule 53(f), the parties may object to the Special Master report/recommendations, and thereafter, the Court 'may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions.'" *Id.* SPC repeated its objection to the dispositive motions being heard by the Nominal Respondent.  *Id*. at 111-112. Ultimately, the Nominal Respondent rejected this objection and set the Rule 12 and Rule 56 motions for hearing on March 27, 2025. *Petition,* at 6.

¶ 4    On February 24, 2025, SPC sent an email to the parties, the special master, the special master's law clerk and the trial judge stating, inter alia, that

> [SPC] objects to the Rule 56 motions … being heard by the Special Master. As per the attached Notice being filed today, Sixteen Plus will seek a Writ of Prohibition

2025 VI 17

*In re Sixteen Plus Corp., et al.*
S. Ct. Civ. No. 2025-0012
Opinion of the Court
Page 4 of 8

as to the scope of the Rule 53 referral in this case, including whether a Special Master, or this Special Master, can even hear a dispositive motion. A Motion to Stay will be filed once that Petition is filed, as well as a motion to terminate the Order appointing the Special Master in this Case.

*Exhibits* at 109. Two days later, SPC filed this petition.[3]

## II. DISCUSSION

¶ 5    This Court possesses original jurisdiction over proceedings for a writ of prohibition. *See* 4 V.I.C. § 32(b). "[T]o determine if issuance of a writ of prohibition is appropriate, the Court applies the same test it does to determine whether a party is entitled to a writ of mandamus." *In re Najawicz,* S. Ct. Civ. No. 2012-0112, 2012 WL 4829227, at *1 (V.I. Oct. 10, 2022) (unpublished). Importantly, "a writ of mandamus [or prohibition] is a drastic remedy and should be granted only in extraordinary circumstances." *In re Morton*, 56 V.I. 313, 319 (V.I. 2012). "To obtain a writ of mandamus [or prohibition], [the petitioner] must establish that his right to the writ is clear and indisputable and that he has no other adequate means to attain the desired relief." *In re Fleming*, 56 V.I. 460, 464 (V.I. 2012). But "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Moorhead v. Mapp*, 62 V.I. 595, 600 (V.I. 2015) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004)).

¶ 6    Petitioners have met none of these prerequisites. First and foremost, the petitioners fail to present any arguments regarding any of these factors. While our consideration can end here as a

---

[3] SPC also filed a motion to stay the proceedings before the Nominal Respondent pending the outcome of this petition. Two days later, SPC advised that this motion is moot because the Nominal Respondent granted that request.

*In re Sixteen Plus Corp., et al.*
S. Ct. Civ. No. 2025-0012
Opinion of the Court
Page 5 of 8

result of that deficiency,[4] we will nevertheless consider the merits, due to the complex and ongoing nature of these proceedings, "in the interests of judicial economy." *See, e.g.*, *Rennie v. Hess Oil V.I. Corp.*, 62 V.I. 529, 541 (V.I. 2015) (citing *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 314 (V.I. 2014)).

### A. SPC has not established that its right to the writ is clear and indisputable.

¶ 7    A party possesses a "clear and indisputable" right when the relief sought constitutes a specific ministerial act, devoid of the exercise of judgment or discretion." *In re People of the V.I.*, 51 V.I. 374, 387 (V.I. 2009). "[W]hen 'the purported ministerial duty is a judge's duty to issue legally-correct rulings, mandamus is only appropriate to correct judicial action that is clearly contrary to well-settled law – specifically decisions that ignore clear, binding precedent from a court of superior jurisdiction." *In re Bourne Law Office*, 2024 VI 31, ¶18 (V.I. Nov. 12, 2024). Here, SPC acknowledges that there is no well-settled law excluding dispositive motions from the definition of "pretrial matters." *See Petition* at 7 ("The term "pretrial matters" contained in Rule 53(a)(1)C) is not defined further in the rule, nor could counsel locate any local or federal case law specifically discussing the meaning of "pretrial" matters in Rule 53(a)(1)(C)."). And we agree.

---

[4] *See, e.g.*, V.I. R. App. P. 21(a) (providing that "[u]nless another form is elsewhere prescribed by these Rules, an application for an order or other relief shall be made by filing a motion for such order or relief," and that it "shall state with particularity the grounds on which it is based, and shall set forth the order or relief sought"); V.I. R. App. P. 15(b) ("Failure to adequately cite authority may result in rejection of argument."); V.I. R. App. P. 1(b) ("These Rules govern procedure in all proceedings in the Supreme Court of the Virgin Islands."); V.I. R. App. P. 20 ("All motions . . . must otherwise conform with the Rules of Appellate Procedure."); V.I. R. App. P. 22(a)(5) (an argument "shall contain the contentions of [its proponent] with respect to each of the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on"); V.I. R. App. P. 22(b) (same, for litigant opposing such argument, if any); V.I. R. App. P. 22(m) (providing that "[i]ssues that . . . are only adverted to in a perfunctory manner or unsupported by argument and citation to legal authority, are deemed waived … except that the Court, at its option," may consider them).

2025 VI 17

*In re Sixteen Plus Corp., et al.*
S. Ct. Civ. No. 2025-0012
Opinion of the Court
Page 6 of 8

Therefore, SPC has not met its burden of establishing that it has an indisputable right to the relief requested.

### B. SPC has other adequate means to attain the desired relief.

¶ 8     This Court has repeatedly held that "[w]here there are practical avenues for seeking relief that are untried, this Court will ordinarily deny a petition for mandamus [or prohibition]." *In re Elliot*, 54 V.I. 423, 428 (V.I. 2010) (quoting *In re LeBlanc*, 49 V.I. 508, 517 (V.I. 2008)). But SPC acknowledged that it has another avenue for seeking its requested relief.  After the Nominal Respondent rejected SPC's arguments regarding the scope of the Nominal Respondent's authority, SPC filed a "Notice re Special Master's Decision to Hear the Pending Rule 56 Motions," in which it states, *inter alia*, that "this Notice is being filed to … notify the Court, the Special Master and the parties that Sixteen Plus plans to seek a Writ of Prohibition from the V.I. Supreme Court this week, *along with* a separate motion in the case to terminate the Order appointing the Special Master." *Exhibits* at 107 (emphasis added). Clearly, if a petitioner can simultaneously pursue the same relief it seeks in a writ of prohibition by other means, such as the aforementioned "separate motion,"  then it has an alternate means to obtain that relief from the judge overseeing the Special Master.

### C. Granting a Petition for Writ of Prohibition is Not Appropriate in This Case.

¶ 9     Even if SPC had met its burden of establishing that its right to the writ is clear and indisputable and that it has no other adequate means to attain the desired relief,

> the decision to issue a writ of mandamus [or prohibition] ultimately lies within the discretion of this Court. To determine whether a writ of prohibition is appropriate under the circumstances, we consider factors including, but not limited to, the public interest, the importance or unimportance of the question presented, and equity and justice. Additionally, the court considers *whether judicial economy and sound judicial administration militate for or against issuing the writ*."

2025 VI 17

*In re Sixteen Plus Corp., et al.*
S. Ct. Civ. No. 2025-0012
Opinion of the Court
Page 7 of 8

*In re George*, 73 V.I. 627, 635 (V.I. 2020) (emphasis added) (citations and quotations omitted).

The petition before this Court appears to only apply to three of perhaps 19 cases between these

parties. *See Sixteen Plus Corporation v. Manal Mohammed Yousef*, 72 V.I. 610, 612-624) (V.I.

Super. 2020) (Superior Court Complex Division order describing 19 cases involving the families—

filed between 2012 and 2018—pending before six judges in both Superior Court Divisions at the

time). In the order appointing the Special Master pursuant to V.I.S.CT.R. 53, the trial judge

explained his belief that appointment of the Nominal Respondent "would help the Court to

effectively and timely address the pretrial matters, and also decrease the likelihood of inconsistent

findings and rulings, which could potentially cause significant disruptions and delays down the

road." Exhibits at 5.

¶ 10    This Court has repeatedly pointed out that "the manner in which a court disposes of cases

on its docket is within its discretion." *In re Christopher*, 77 V.I. 648, 652 (V.I. 2023). As such, it

is questionable whether this Court should issue a petition for prohibition solely directed to a

Special Master that was appointed for the purpose of managing the trial judge's docket.  While

this Court will not make such a ruling, in this particular matter, the Court nevertheless concludes

that the petitioners have not shown that judicial economy and sound judicial administration

militates in favor of issuing the writ.[5]

### III. CONCLUSION

---

[5] We have not considered the merits of this finding, nor have we considered the merits of SPC's argument that Rule 53 does not grant the Special Master the authority to consider and make proposed findings of fact and conclusions of law regarding dispositive motions. Nor have we considered the merits of SPC's objections to appointing the Honorable Edgar D. Ross as the Special Master. *See Exhibits* at 3.

*In re Sixteen Plus Corp., et al.*
S. Ct. Civ. No. 2025-0012
Opinion of the Court
Page 8 of 8

¶ 11     For the foregoing reasons, the petition for a writ of prohibition directing the Special Master

that "that he cannot hear either the Rule 12 or Rule 56 motions" in these consolidated cases is

**DENIED** and the motion to stay proceedings before the Nominal Respondent is **DENIED AS**

**MOOT**.

**Dated this 26th day of August, 2025.**

**ATTEST:**

**DALILA PATTON, ESQ.**
**Acting Clerk of the Court**

  **By:**   **/s/ Ebony Emmanuel**
        **Deputy Clerk II**

  **Dated:**   **08/26/2025**